UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON,

    Plaintiff

v.

COLTER FURST,
MICHAEL THOMAS, and
NATHAN ELLIS

    Defendants.
_____/

Case No. 2:17-12676
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

# ORDER CONSTRUING PLAINTIFF'S AFFIDAVIT (DE 15) AS A MOTION FOR RECONSIDERATION OF THE CLERK'S NOTICE OF DENIAL OF REQUEST FOR CLERK'S ENTRY OF DEFAULT (DE 13) AND DENYING THE MOTION

This matter is before the Court for consideration of Plaintiff Jerry Anderson's October 18, 2017 Affidavit (DE 15), which the Court construes as a motion for reconsideration of the Clerk's notice of denial of request for clerk's entry of default (DE 13.) For the reasons that follow, Plaintiff's motion is **DENIED**.

**A.    Background**

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this prisoner civil rights lawsuit against three defendants, Colter Furst, Michael Thomas and Nathan Ellis, all Michigan State Police Troopers, alleging they

violated his rights under the Fourth Amendment by using excessive force during his arrest on September 4, 2015.  (DE 1.)  He seeks injunctive and declaratory relief, in addition to compensatory and punitive damages.  (*Id.*)

On October 6, 2017, Plaintiff filed a request for default against all Defendants pursuant to Fed. R. Civ. P. 55(a), alleging that Defendants failed to timely file an answer or other responsive pleading to Plaintiff's complaint as required by Fed. R. Civ. P. 12(a)(1)(A)(i).  (DE 12.)   The Court entered a notice of denial of Plaintiff's request for clerk's entry of default on October 12, 2017, because the "Answer by the defendants is not due until October 20, 2017."  (DE 13.)

Defendants returned executed waivers of service on September 19, 2017 (DE 8-10), and timely filed their Answer on October 20, 2017.  (DE 14.)  Judge Roberts issued an order referring all non-dispositive pretrial proceedings to me on October 26, 2017.  (DE 16.)

**B.     The Instant Motion**

On October 23, 2017, Plaintiff filed an "Affidavit" requesting the Court to reconsider the Court's Notice of Denial of Plaintiff's request for Clerk's Entry of Default.  (DE 15.)  Plaintiff asserts that Defendants are not entitled to the October 20, 2017 deadline for their Answer because there was not a request for waiver of

service of summons and complaint under Rule 12(a)(1)(A)(ii) and Defendants are not United States agencies, officers or employees under Rules 12(a)(2) or (3). (*Id.*)

**C.  Discussion**

A motion for reconsideration will generally not be granted where the motion:

> merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties … have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3); *see also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). A "palpable defect" is "a defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). Here, Plaintiff has pointed to no such palpable defect. Contrary to Plaintiff's statement in his motion, Defendants did return executed waivers of the service of summons. (DE 8-10). Pursuant to those waivers, Defendants' answer was due on or before October 20, 2017. (*Id.*); *see* Fed. R. Civ. P. 4(d)(1), 12(a)(1)(A)(ii). Defendants timely filed their Answer on October 20, 2017. (DE 14.)

Accordingly, Plaintiff has failed to meet his burden to show a palpable defect in the Court's prior Order and Plaintiff's motion for reconsideration will be **DENIED**.

Further, while the Court is aware that Plaintiff is proceeding without counsel, "Affidavits"—such as that discussed here (DE 15) – or similar communications to the Court are not pleadings and will be returned. Fed. R. Civ. P. 7; *see also* Fed. R. Civ. P. 6(b)(1)(A). Plaintiff is cautioned that his filings in this case should comply with the Federal Rules of Civil Procedure, the Local Rules of the E.D. Mich., and my practice guidelines, the latter two of which are available on the Court's website (www.mied.uscourts.gov).

**IT IS SO ORDERED.**

Dated: November 8, 2017

s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on November 8, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti