UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON,

    Plaintiff

v.

COLTER FURST,
MICHAEL THOMAS, and
NATHAN ELLIS

    Defendants.
_____/

Case No. 2:17-12676
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

# ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 3)

This matter is before the Court for consideration of Plaintiff Jerry Anderson's motion for appointment of counsel. (DE 3.) For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## I.    BACKGROUND

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this prisoner civil rights lawsuit against three defendants, Colter Furst, Michael Thomas and Nathan Ellis, all Michigan State Police Troopers, alleging they violated his rights under the Fourth Amendment by using excessive force during his arrest on September 4, 2015. (DE 1.) He seeks injunctive and declaratory

relief, in addition to compensatory and punitive damages. (*Id.*) All Defendants have been served and have filed their Answer. (DE 14.)

Plaintiff filed this motion for appointment of counsel on August 14, 2017. (DE 3.) In his motion, he asks the court to appoint an attorney in this civil matter because of his lack of money and legal experience, his limited access to the law library, and the complexity of the issues in this matter. Judge Roberts issued an order referring all non-dispositive pretrial proceedings to me on October 26, 2017. (DE 16.)

II. ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent

2

prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

3

Applying the foregoing authority, Plaintiff has not described circumstances sufficiently exceptional to justify a request for appointment of counsel. Plaintiff contends that he has "limited knowledge of the law," that this case will require "considerable discovery" and involves conflicting testimony between Defendants and Plaintiff, and that the issues he presents to the Court are complex, requiring assistance of counsel. Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute exceptional circumstances. Most non-lawyers have only limited knowledge of the law. Many cases require considerable discovery. Nearly all cases involve conflicting testimony between the respective litigants.

Further, despite Plaintiff's claim to the contrary, the claims in Plaintiff's complaint to not appear to be particularly complex and are ably described by Plaintiff, involving an allegation of excessive force related to Plaintiff's September 2015 arrest. Moreover, Plaintiff's Complaint illustrates his ability to articulate his claims and adequately communicate his requests to the Court in a coherent manner, his recently filed affidavit seeking default (although denied) is cogent and gives reference to meaningful authorities, and even the instant motion is clear in outlining his reasons for requesting the appointment of counsel. (DE 1, 15, 3.) Finally, there is no indication that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this civil case.

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.** (DE 3.) Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: November 8, 2017
s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on November 8, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti