UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON,

    Plaintiff,

v.

COLTER FURST, et al.,

    Defendants.
_____/

Case No. 17-12676

Honorable Victoria A. Roberts

## ORDER DISMISSING PLAINTIFF'S OBJECTION TO MAGISTRATE'S ORDERS
### [Doc. # 26]

Jerry Anderson ("Anderson") is a state prisoner proceeding *in forma pauperis.* He filed a civil rights lawsuit against Colter Furst, Michael Thomas, and Nathan Ellis (collectively, "Defendants"). The Court referred all pretrial matters to Magistrate Judge Anthony P. Patti.

Anderson objects to two non-dispositive orders from Magistrate Judge Patti: 1) an order construing Anderson's affidavit as a motion for reconsideration of the clerk's denial of his request for entry of default, and denying the motion; and 2) an order striking Anderson's response to Defendants' answer to Anderson's complaint.

For the reasons that follow, Anderson's objections are DISMISSED.

I.    Background

In his complaint, Anderson alleges that Defendants, all Michigan State Police Troopers, violated his Fourth Amendment rights by using excessive force during his September 4, 2015 arrest. The Court granted Anderson's application to proceed *in*

1

*forma pauperis*, and the Court ordered the United States Marshal to serve the Defendants. The Marshal sent each Defendant a notice of the lawsuit pending against them, and a request to waive service. The notice stated that if the Defendant returned the signed waiver form, he would have 60 days from the date of notice to file an answer to Anderson's complaint, pursuant to Fed. R. Civ. P. 4(d)(3). All Defendants returned executed waivers of service on September 19, 2017 and timely filed an answer on October 20, 2017. Anderson filed a response to Defendants' answer on November 7, 2017.

Before the Defendants filed their answer, Anderson filed a request for default against them pursuant to Fed. R. Civ. P. 55(a). He alleged that Defendants had failed to timely file an answer to his complaint as required by Fed. R. Civ. P. 12(a)(1)(A)(i). On October 12, 2017, the Court entered a notice denying Anderson's request for a clerk's entry of default, saying that the Defendants' answer was not due until October 20, 2017. [Doc. # 13].

Anderson filed an affidavit, arguing that the Court erred in concluding that Defendants' answer was due on October 20, 2017. He claims that there was not a request for a waiver of service of summons. Magistrate Judge Patti filed an order construing Anderson's affidavit as a motion for reconsideration, and denied the motion. [Doc. # 18]. Anderson, Magistrate Judge Patti concluded, pointed to no palpable defect since Defendants returned executed waivers of services, and their answer was due on October 20, 2017 pursuant to those waivers.

Anderson filed a motion for reconsideration of Magistrate Judge Patti's order construing his affidavit as a motion for reconsideration and denying it. Because Anderson raised the same arguments, Magistrate Judge Patti denied this motion.

Magistrate Judge Patti also filed an order striking Anderson's response to Defendants' answer, noting that the Court did not order a reply, so it was not required and was otherwise impermissible under Fed. R. Civ. Pro. 7(a)(7). [Doc. # 22].

Anderson filed timely objections to Magistrate Judge Patti's orders construing his affidavit as a motion for reconsideration and denying it, and striking his reply to Defendants' answer. Anderson argues: 1) the Court had no authority to construe his affidavit as a motion to dismiss; and 2) the Court erred when it stated that Defendants returned executed waivers of service since he did not request waivers.

II.  Legal Standard

When reviewing a magistrate judge's order on a preliminary, non-dispositive matter, a district court must modify or set aside any part of the order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Visteon Global Techs. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (citations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If

two or more permissible views of the evidence exists, a magistrate judge's decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N.*, 470 U.S. 564, 574 (1985). "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Robinson v. Allstate Ins. Co.*, 2011 U.S. Dist. LEXIS 81316, at *6 (E.D. Mich. July 26, 2011) (citation omitted). "The 'contrary to law' standard requires the Court to use independent judgment when reviewing legal conclusions." *Id.* (citation omitted).

   III.    Analysis

A. The Court Lawfully Construed Anderson's Affidavit As A Motion For Reconsideration

In his objection, Anderson claims that the Court had no authority to construe his affidavit as a motion for reconsideration without permission or warning. He also argues that his affidavit was never intended to be a pleading.

"Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). "They may do so in order to avoid an unnecessary dismissal, … , to avoid inappropriately stringent application of formal labeling requirements, … , or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Id.* at 382 (internal citations omitted).

Anderson relies on *Castro* to support his argument that his affidavit cannot be construed differently without warning. *Castro* does hold that a court cannot

4

recharacterize papers as a motion under 28 U.S.C. § 2255 without first warning the petitioner that subsequent § 2255 motions are subject to restrictions, and providing the petitioner an opportunity to withdraw or amend his pleading. *Id.* at 383.

But there is no attempt here to recast Anderson's affidavit as a § 2255 motion. Further, courts have construed affidavits as motions for reconsideration when warranted. *See Bartelli v. Lewis*, 2005 U.S. Dist. LEXIS 39738, *8 (M.D. Pa. Dec. 28, 2005) (construing together several filings, which included an affidavit and an "objection to memorandum and order," as a motion for reconsideration); *Tyler v. Superior Court of San Bernardino Cty.*, 2017 U.S. Dist. LEXIS 197452, *1-2 (E.D. Ca. Nov. 29, 2017) (construing a notice of objections to a magistrate judge's order as a motion for reconsideration).

Magistrate Judge Patti's recharacterization of Anderson's affidavit was not contrary to law. This objection fails.

B. The Court Lawfully Denied Anderson's Motion For Reconsideration

In denying Anderson's motion for reconsideration, Magistrate Judge Patti found that Anderson had pointed to no palpable defect in the Court's denial of his request for clerk's entry of default. Magistrate Judge Patti noted that contrary to what Anderson stated in his affidavit, Defendants did return executed waivers of service, and pursuant to those waivers, their answer was due by October 20, 2017, a deadline they complied with.

Anderson now raises the same arguments he raised to Magistrate Judge Patti: that the Court was in error when it concluded that Defendants' answer was due on

5

October 20, 2017 because he did not request a waiver of service. Anderson continues to argue that because he did not personally request waiver of service, Defendants' waivers are void.

However, once Anderson's request to proceed *in forma pauperis* was granted, the Court was authorized to appoint the United States Marshal to serve process on his behalf. "28 U.S.C. § 1915(c) provides that the officers of the court shall issue and serve all process when a plaintiff is proceeding *in forma pauperis*." *Brown v. Lafler*, 2008 U.S. Dist. LEXIS 121951, *10 (E.D. Mich. Dec. 5, 2008) (internal quotations omitted). "Fed. R. Civ. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915." *Byrd*, 94 F.3d at 219 (internal quotations omitted). "In an effort to alleviate the burden on the [United States Marshal], the Court attempts to secure a waiver of service of process when possible." *Babb v. Osbourne*, 2016 U.S. Dist. LEXIS 169881, *4 (W.D. Ky. Dec. 8, 2016).

In fulfilling his duty, the Marshal notified all Defendants of Anderson's suit and requested they waive service. Defendants executed waivers, which gave them 60 days after the date when the request was sent, to answer Anderson's complaint, pursuant to Fed. R. Civ. P. 4(d)(3). That deadline was October 20, 2017; Defendants complied.

Magistrate Judge Patti did not rule contrary to law in denying Anderson's motion for reconsideration. Anderson's objection, once again, fails.

C. The Court Lawfully Struck Anderson's Reply From the Record

Anderson does not address Magistrate Judge Patti's order striking his reply to Defendants' answer, except to say that Magistrate Judge Patti made that same error in striking that he made in denying Anderson's motion for reconsideration. Anderson is wrong.

A reply to an answer to a complaint is allowed only when a court orders one. Fed. R. Civ. P. 7(a)(7). The Court did not order a reply; the Court made no error in striking Anderson's reply, and Anderson's objection fails.

IV. Conclusion

Anderson fails to show that Magistrate Judge Patti made any findings of fact that were clearly erroneous, or legal conclusions that were contrary to law. All of his objections are DISMISSED.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 20, 2018

The undersigned certifies that a copy of this document was served on the attorneys of record and Jerry Anderson by electronic means or U.S. Mail on April 20, 2018.

s/Linda Vertriest
Deputy Clerk