UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON,

    Plaintiff,

                                                Case No. 17-12676

v.

                                                District Judge Victoria A. Roberts

COLTER FURST, et al.,         Magistrate Judge Anthony P. Patti

    Defendants.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY, TREATING MOTION AS MOOT [Doc. # 30]**

Jerry Anderson ("Anderson") is a state prisoner proceeding *in forma pauperis*. He filed a civil rights lawsuit against Colter Furst, Michael Thomas, and Nathan Ellis (collectively, "Defendants").

Anderson brings a motion to compel discovery pursuant to Fed. R. Civ. Pro. 37(a). For the reasons that follow, that motion is deemed moot.

### **I.    Background**

Anderson filed his complaint on August 14, 2017. He alleges that Defendants, all Michigan State Police ("MSP") Troopers, violated his Fourth Amendment rights by using excessive force during his September 4, 2015 arrest. The Court granted Anderson's application to proceed *in forma pauperis*, and

1

ordered the United States Marshal to serve Defendants. The Marshal sent each Defendant a notice of the pending suit, and a form requesting that service be waived, on August 21, 2017. Defendants returned executed waivers of service on September 19, 2017, and timely filed their answer on October 20, 2017.

On February 26, 2018, Anderson filed a motion for an order compelling discovery. Anderson seeks production of several files and documents, including: 1) dash camera footage from his arrest; 2) copies of photos showing damage done to the MSP vehicle and his vehicle during his arrest; 3) copies of all notes from state troopers relating to his arrest; and 4) MSP policy regarding Pursuit Intervention Technique ("PIT") maneuvers. Anderson claims that on January 16, 2018, he submitted a written request for these documents pursuant to Fed. R. Civ. P. 34, but has yet to receive them. Anderson requests that the Court order Defendants to pay him $2,100 as a reasonable expense incurred to obtain an order compelling discovery.

Defendants argue: 1) Anderson did not seek concurrence before filing his motion; 2) he provided no proof of his written request; 3) his request is deficient under the applicable rules of procedure since no scheduling order has been entered; and 4) his motion is moot because they mailed appropriate responses to his request after receiving notice.

## II. Legal Standard

Parties may obtain discovery on any non-privileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A party may serve on any other party a request for production that is within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). The party receiving the request must respond within 30 days. Fed. R. Civ. P. 34(b)(2)(A). If the party fails to respond, the party seeking discovery may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv). The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to make discovery, in an effort to obtain discovery without court action. Fed. R. Civ. P. 37(a)(1).

## III. Analysis

Anderson filed a declaration on March 26, 2018, which the Court will interpret as a reply to Defendants' response. Anderson claims the Court and Defendants were served with his request for the production of documents on January 16, 2018. He attaches as exhibits legal mail disbursement forms, which presumably are his attempt to prove that the request was mailed.

No docket entry reflects Anderson's purported mailing to the Court; Defendants say that no proof of Anderson's mailing is in defense counsel's file. In

his declaration, Anderson suggests that either the Defendants are providing false statements to the Court, or the clerk's office is willfully neglecting its duties, or both.

Anderson's motion fails for a few reasons. First, Anderson has not provided evidence that would prove that he did in fact submit his written request for discovery to Defendants or to the Court, although the Court notes that Local Rule 26.2 generally prohibits the filing of discovery materials with the clerk's office, except when required in support of a motion or in other circumstances specifically permitted under 26.2(a) or (b). *But see also* Local Rule 37.2 (requiring "in the [discovery] motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.")  Plaintiff fails to provide a copy of his request with his motion. Instead, he attaches indiscernible legal mail disbursement authorization forms from the Michigan Department of Corrections. But the Court has no record of this mailing. Defendants claim to have no record either. As far as the Court can tell, Anderson's first discovery request seems to be his motion, which is improper. *See Babb v. Osbourne*, 2016 U.S. Dist. LEXIS 169881, *1 (W.D. Ky. Dec. 8, 2016) (denying a plaintiff's motion for discovery where the motion appeared to "be initial requests for Defendants to produce the documents," recognizing that "[d]iscovery requests

4

… are to be made directly to the opposing party in the first instance"). Despite this, Defendants treat Anderson's motion as proper notice of his request for documents and say they mailed him responses to his request, making his motion moot.

Second, as Defendants argue, Anderson did not seek concurrence under the local rules, E.D. Mich. L.R. 7.1(a). Thus, he cannot show that he made a good faith attempt to confer with Defendants in an effort to obtain Defendants' response to his request without Court intervention. Fed. R. Civ. P. 37(a)(1).

Because Anderson cannot show that a discovery request was first made before filing his motion to compel, and because Anderson did not seek concurrence before asking the Court to intervene on his behalf, he has not followed the required procedures to obtain records from Defendants.

### IV. Conclusion

Anderson's motion seeking an order to compel discovery is premature. Additionally, based on how Defendants treated his motion – by providing discovery responses – Anderson's motion is **DENIED as moot**. Finally, the Court declines to order Defendants to pay the Anderson $2,100.

**IT IS SO ORDERED**.

April 23, 2018

s/Anthony P. Patti  
Anthony P. Patti  
United States Magistrate Judge

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on April 23, 2018, electronically and/or by U.S. Mail.

                                          s/Michael Williams
                                          Case Manager for the
                                          Honorable Anthony P. Patti