UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON

    Plaintiff,

v.

COLTER FURST, et al.,

    Defendant.

_____/

Case No. 17-12676

Honorable Victoria A. Roberts

**<u>ORDER DISMISSING PLAINTIFF'S OBJECTION TO COURT'S ORDER [Doc. # 37]</u>**

Jerry Anderson ("Anderson") is a state prisoner proceeding *in forma pauperis*. He filed a civil rights lawsuit against Michigan State Police Troopers Colter Furst, Michael Thomas, and Nathan Ellis (collectively, "Defendants").

Anderson objects to the Court's April 20, 2018 order dismissing previous objections he filed to two non-dispositive orders from Magistrate Judge Anthony P. Patti. [Doc. # 35].

For the reasons that follow, Anderson's objection is DISMISSED.

I.    Background

Anderson alleges that Defendants violated his Fourth Amendment rights by using excessive force during his arrest. The Court granted Anderson's application to proceed *in forma pauperis*, and ordered the United States Marshal to serve Defendants. The Marshal sent each Defendant a notice of the lawsuit, and a request to waive service. All Defendants returned executed waivers of service on September 19, 2017 and timely

1

filed an answer on October 20, 2017. Anderson filed a response to Defendants' answer on November 7, 2017.

Before Defendants answered his complaint, Anderson filed a request for default, alleging that Defendants failed to timely file an answer. The Court entered a notice denying Anderson's request for a clerk's entry of default.

Anderson filed an affidavit, arguing that the Court erred in concluding that Defendants' answer was due on October 20, 2017. Magistrate Judge Patti filed an order construing Anderson's affidavit as a motion for reconsideration, and denied the motion. In a motion for reconsideration, Anderson made the same arguments, and Magistrate Judge Patti denied this motion.

Magistrate Judge Patti also entered an order striking Anderson's response to Defendants' answer as impermissible under Fed. R. Civ. Pro. 7(a)(7).

Anderson objected to all of Magistrate Judge Patti's orders. The Court dismissed Anderson's objections, finding that Magistrate Judge Patti lawfully: 1) construed Anderson's affidavit as a motion for reconsideration; 2) denied Anderson's motion for reconsideration; and 3) struck Anderson's reply from the record. [Doc. # 35].

Again, Anderson filed an objection, this time to the Court's order dismissing his previous objections. Anderson appears to argue that the Marshal was required to attempt personal service on Defendants before requesting that they waive service.

II.   Legal Standard

Local Rule 7.1(h)(3) provides the Court's standard of review on a motion for

reconsideration:

> "Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*

III. Analysis

A. Anderson Fails To Show Palpable Defect

The Court will recharacterize Anderson's objection as a motion for reconsideration. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category").

Anderson argues that the Court's reliance on *Babb v. Osbourne*, 2016 U.S. Dist. LEXIS 169881, *4 (W.D. Ky. Dec. 8, 2016), is misplaced and clearly erroneous. He attempts to distinguish the facts of *Babb* from the facts of his case. According to Anderson, one of the *Babb* defendant's summons was returned unexecuted, and his

3

whereabouts were unknown. The *Babb* court, Anderson says, attempted to obtain a waiver of service from the lawyer of other defendants in the case. The *Babb* court stated that absent a waiver, it would redirect service by the United States Marshal. Anderson says that in his case, the Defendants were found/located by the Marshal, who did not attempt to serve the Defendants before requesting a waiver.

While the facts of *Babb* are distinguishable, Anderson cites no law that says that the Marshal is required to attempt in-person service before requesting a waiver. Indeed, case law suggests that the Marshal can seek a waiver before attempting to personally serve a defendant. *See Annabel v. Erichsen*, 2017 U.S. Dist. LEXIS 129226, *7 (E.D. Mich. Aug. 15, 2017) (ordering that "the U.S. Marshals Service is authorized to mail a request for waiver of service to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) *before* attempting personal service") (emphasis added); *Reed-Bey v. Pramstaller*, 2013 U.S. Dist. LEXIS 38907, *5-6 (E.D. Mich. Mar. 21, 2013) (court previously entered an order directing the Marshal to personally serve defendants, after a fourth waiver request was returned unexecuted).

Anderson's argument fails.

IV. Conclusion

Anderson fails to show a palpable defect by which the Court was misled. His objection is DISMISSED.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 13, 2018

> The undersigned certifies that a copy of this document was served on the attorneys of record and Jerry Anderson by electronic means or U.S. Mail on June 13, 2018.
>
> s/Linda Vertriest
> Deputy Clerk