UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON

    Plaintiff,

v.

COLTER FURST, et al.,

    Defendant.

_____/

Case No. 17-12676

Honorable Victoria A. Roberts

**<u>ORDER DISMISSING PLAINTIFF'S OBJECTION TO COURT'S ORDER [Doc. # 38]</u>**

Jerry Anderson ("Anderson") is a state prisoner proceeding *in forma pauperis*. He filed a civil rights lawsuit against Michigan State Police Troopers Colter Furst, Michael Thomas, and Nathan Ellis (collectively, "Defendants"). In his complaint, Anderson alleges that Defendants violated his Fourth Amendment rights by using excessive force during his arrest.

Anderson filed an objection [Doc. # 38] to Magistrate Judge Anthony Patti's April 23, 2018 order denying as moot his motion compelling discovery.

For the reasons that follow, Anderson's objection is DISMISSED.

    I.    Background

On February 26, 2018, Anderson filed a motion for an order compelling discovery, seeking the production of several files and documents. He claims that on January 16, 2018, he mailed Defendants and the Court a written request for these documents, but had yet to receive them. In their response to Anderson's motion, Defendants say they never received the request, and that his motion is moot because

1

they mailed appropriate responses after he filed his motion. Magistrate Judge Patti ruled that Anderson did not follow the proper procedures to obtain the requested records, and denied his motion as moot since Defendants did respond to his request.

In his objection, Anderson says the Court erred because: 1) pursuant to E.D. Mich. Local Rule 7.1(a)(2)(C), incarcerated *pro se* parties need not seek concurrence; 2) the legal mail disbursements attached as exhibits show that the Court and Defendants were served with his discovery request; and 3) an incomplete disclosure or answer must be treated as a failure to disclose or answer, pursuant to Fed. R. Civ. P. 37.

II.  Legal Standard

When reviewing a magistrate judge's order on a preliminary, non-dispositive matter, a district court must modify or set aside any part of the order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard." *Visteon Global Techs. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (citations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If two or more permissible views of the evidence exists, a magistrate judge's decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N.*, 470 U.S. 564, 574 (1985). "A legal conclusion is contrary to law when it fails to apply or misapplies relevant

statutes, case law, or rules of procedure." *Robinson v. Allstate Ins. Co.*, 2011 U.S. Dist. LEXIS 81316, at *6 (E.D. Mich. July 26, 2011) (citation omitted). "The 'contrary to law' standard requires the Court to use independent judgment when reviewing legal conclusions." *Id.* (citation omitted).

III. Analysis

Anderson does not show that Magistrate Judge Patti made any finding that was clearly erroneous or contrary to law. First, while Local Rule 7.1(a)(2)(C) implies that *pro se* prisoners need not seek concurrence when filing motions, the rule requires that the motion must state that concurrence was not obtained because one of the parties is a *pro se* prisoner. E.D. Mich. LR 7.1(a)(2)(C). Anderson's motion did not state this. Second, although Anderson attaches to his objection what he says is his first request for production, mailed January 16, 2018, the Court and Defendants do not have a record of this mailing. As Magistrate Judge Patti stated in his order, Anderson's motion is his first recorded discovery request. Further, this after-the-fact attachment does not cure Anderson's failure to attach his discovery request to his motion, as required by Local Rule 37. Anderson did not follow the requisite procedures to obtain documents from Defendants. His arguments fail.

Finally, Anderson does not refute Defendants' claim that they mailed responses to his request. This leads the Court to believe that these responses were indeed mailed, and that Magistrate Judge Patti did not err in denying Anderson's motion as moot.

IV.     Conclusion

Anderson fails to show that Magistrate Judge Patti's order is clearly erroneous or contrary to law. His objection is DISMISSED.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 13, 2018

The undersigned certifies that a copy of this document was served on the attorneys of record and Jerry Anderson by electronic means or U.S. Mail on June 13, 2018.

s/Linda Vertriest
Deputy Clerk