UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON,

    Plaintiff,

                              Case No. 17-12676

v.

                              District Judge Victoria A. Roberts

COLTER FURST, et al.,         Magistrate Judge Anthony P. Patti

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY (DE 40)

Plaintiff Jerry Anderson is a state prisoner proceeding *in forma pauperis*. He filed a civil rights lawsuit against Colter Furst, Michael Thomas, and Nathan Ellis (collectively, "Defendants").

Plaintiff brings a motion to compel discovery pursuant to Fed. R. Civ. P. 37(a). (DE 40.) For the reasons that follow, that motion is **DENIED**.

**A.    Background**

Plaintiff filed his complaint on August 14, 2017, alleging that Defendants, all Michigan State Police ("MSP") Troopers, violated his Fourth Amendment rights by using excessive force during his September 4, 2015 arrest. (DE 1.) The Court granted Plaintiff's application to proceed *in forma pauperis*, and ordered the

United States Marshal to serve Defendants. All Defendants have been served and have filed their Answer. (DE 14.)

On June 8, 2018, Plaintiff filed a motion for an order compelling discovery. (DE 40.) Plaintiff asserts that on April 23, 2018, he served a request for production of documents on Defendants, pursuant to Fed. R. Civ. P. 34, for eight categories of documents, but that he has not yet received the documents. Plaintiff seeks an order compelling production of responsive documents, and requests that the Court order Defendants to pay him $2,100 as a reasonable expense incurred to obtain an order compelling discovery.

Defendants argue in response that they properly responded to Plaintiff's second set of discovery on May 24, 2018, and that Plaintiff's failure to include those responses in his motion to compel requires denial of his motion. Defendants further contend that Plaintiff is on a "full-speed fishing expedition" that "needs to end," and that he is not entitled to sanctions. (DE 49.)

Plaintiff filed a declaration on July 16, 2018, which the Court will interpret as a reply to Defendants' response. (DE 51.)[1] Plaintiff does not appear to dispute that Defendants served responses to his requests for production of documents, but instead continues to argue that he is entitled to all documents sought. Plaintiff further contends that: "Defendants point to no court rule or case law to support it's

---

[1] The document does not appear to be a true testimonial "declaration" in compliance with 28 U.S.C. §1746.

2

[sic] futile suggestion that a plaintiff has to recite a defendants [sic] responses in a motion to compel discovery. No such rule or case law exists (to my knowledge)." (DE 51 at 1.)

### B. Legal Standard

Parties may obtain discovery on any non-privileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A party may serve on any other party a request for production that is within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). The party receiving the request must respond within 30 days. Fed. R. Civ. P. 34(b)(2)(A). If the party fails to respond, the party seeking discovery may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv). Further, the Local Rules of this District state that:

> Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, **shall include**, in the motion itself or in an attached memorandum, a **verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery documents which is the subject of the motion**.

E.D. Mich. LR 37.2 (emphasis added).

### C. Analysis

I find that Plaintiff's motion is defective for its failure to comply with this Court's Local Rule 37.2. Plaintiff broadly asserts that Defendants' responses to Request Nos. 4 and 5 are "evasive," and argues that "defendants are not entitled to

3

any of the privileges that they seek for protection from discovery," but he fails to either recite Defendants' responses and objections in his motion or attach a copy of Defendants' responses to his motion, as expressly required by E.D. Mich. LR 37.2. As this Court has explained before:

> Rule 37.2 is not a mere technicality. The Court cannot address a motion to compel without knowing: (1) the date on which the requests were served, (2) that the requests were served on the proper person(s), (3) the exact language of the requests, and (4) the opponent's responses and objections to the requests.

*Davis-Bey v. City of Warren*, No. 16-cv-11707, 2017 WL 6523645, at *3 (E.D. Mich. Dec. 21, 2017) (denying the plaintiff's discovery motions for failure to comply with E.D. Mich. LR 37.2). Simply put, the Court cannot decide whether Defendants properly responded to the discovery requests at issue without Plaintiff including those responses, or adequately reciting Defendants' responses in his motion. That Plaintiff asserts he is not aware of this rule is no excuse. *See Cotton v. Burt*, No. 04-CV-73508-DT, 2007 WL 188005, at * 1 (E.D. Mich. Jan. 22, 2007) ("The fact that Plaintiff is proceeding *pro se* does not excuse her failure to follow these court rules which are designed to provide the Court with the facts necessary to rule on the merits of this motion."); *Termarsch v. Fabrizio & Brook, P.C.*, No. 06-12514, 2006 WL 3313744, at *2 n.1 (E.D. Mich. Nov. 15, 2006) ("All parties, whether represented by counsel or acting *pro se*, must be aware of and must follow the Local Rules, as well as the Federal Rules of Civil Procedure. Otherwise, a *pro*

4

*se* litigant could simply justify the failure to comply with the rules on the basis of his/her unawareness.") (Duggan, J.). Without any documentation showing that Defendants failed to properly respond to Plaintiff's discovery requests, the Court must deny Plaintiff's motion.

**D. Conclusion**

Accordingly, for the reasons set forth above, Plaintiff's motion for an order compelling discovery (DE 40) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 17, 2018        s/*Anthony P. Patti*
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 17, 2018, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti