UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON,

        Plaintiff

v.

COLTER FURST,
MICHAEL THOMAS, and
NATHAN ELLIS

        Defendants.
_____/

Case No. 2:17-12676
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

# ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY (DEs 58, 60, 65)

## I. Introduction

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this prisoner civil rights lawsuit against three defendants, Colter Furst, Michael Thomas and Nathan Ellis, all Michigan State Police Troopers, alleging they violated his rights under the Fourth Amendment by using excessive force during his arrest on September 4, 2015. (DE 1.) He seeks injunctive and declaratory relief, in addition to compensatory and punitive damages. (*Id.*)

Plaintiff brings three motions to compel discovery pursuant to Fed. R. Civ. P. 37(a). (DEs 58, 60, 65.) For the reasons that follow, those motions are **GRANTED IN PART AND DENIED IN PART**.

1

## II. Instant Motions to Compel

### A. Plaintiff's motions to compel

#### 1. Motion to compel responses to second requests for production of documents (DE 58)

On October 15, 2018, Plaintiff filed a motion to compel discovery, seeking to compel Defendants' responses to his second request for production of documents, which seeks:

(1) Police officers' history in department (including incidents of civilian complaints, discipline, use of force, commendations).

(2) Work product of investigative units like internal affairs, reports, data bases, statistics.

(3) List of all relevant physical evidence seized, viewed, or photographed.

(4) Reports of radio calls concerning incident.

(5) Mug shots/photos of Plaintiff.

(6) The report of damage done to trooper initiated collisions.

(7) Information concerning the practice of the execution of search warrants and warrantless searches.

(8) Arrest records of defendants (when they have been arrested).

(DE 58 at 7.) Plaintiff complains that Defendants have not produced any documents in response to Request Nos. 1-3 and 6-8, and have provided "evasive" responses to Request Nos. 4 and 5. (*Id.*) He also seeks an order that Defendants

2

pay $700 each, for a total of $2100, "as a penalty for non[-]cooperative behavior and as a deterrent for such behavior." (*Id.*)

### 2. Motion to compel responses to third request for production of documents (DE 60)

Plaintiff also filed a second motion to compel on October 15, 2018, seeking to compel Defendants' responses to his third request for production of documents, which seeks:

(1) The full unedited copy of both audio and video of the dash cam footage from MSP vehicles #3553 and #3528 incident no. 035-0010408-15(51).

(2) Color pictures printed on plain white paper of the damage done to the suspect vehicle and the damage done to the troopers['] vehicle Incident No 035-0010408-15(51).

(3) A list of any other troopers' vehicles that were involved in this incident that have not been listed, including those who have not made reports.

(DE 60 at 7.) Plaintiff states in his motion that Defendants have produced 379 pages of documents, but: (1) have not yet produced videos/audios in response to Request No. 1; (2) produced only black and white, but not color pictures, in response to Request No. 2; and (3) have not provided any documents in response to Request No. 3. (*Id.* at 3.) Plaintiff also seeks an order that Defendants pay $1000 each, for a total of $3000, "as a penalty for maliciously vexing the plaintiffs [sic] discovery process in having to obtain this order" and "as a future deterrent to defendants non[-]cooperative behavior and their fraudulent activities." (*Id.* at 4.)

Plaintiff also filed a "supplement" to his motion on October 29, 2018, asserting that Defendants still had not provided additional responses to the requests for production. (DE 64.)

>       **3.    Motion to compel responses to first, second, and third sets of interrogatories (DE 65)**

On October 29, 2018, Plaintiff filed another motion to compel, seeking to compel Defendants' responses to Plaintiff's first, second and third sets of interrogatories to Defendants Furst, Ellis and Thomas, respectfully. (DE 65.)[1] Plaintiff asserts that Defendants failed to timely answer any of the interrogatories. (*Id.*)

>   **B.    Defendants' single response**

A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Furthermore, "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B). Thus, Defendants' responses to Plaintiff's two October 15, 2018 motions to compel were due by October 29, 2018, and their response to Plaintiff's October 29, 2018 motion to compel was due by November 13, 2018. *See id.*

---

[1] Plaintiff had previously filed a motion to compel Defendants' responses to these interrogatories, which was denied on October 15, 2018 as prematurely filed. (DEs 55, 57.) A copy of Plaintiff's interrogatories is attached to this prior motion. (DE 55 at 3-8.)

Defendants filed one "response to Plaintiff's motion to compel" on November 13, 2018 (after receiving an order granting their motion for extension of time to file a response *to DE 60*).[2] (DE 71; Text-Only order dated 10/30/2018.) While Defendants requested additional time only "for the Defendants to respond to Plaintiff's motion to compel (*R. 60*)" in their October 30, 2018 motion for extension, and did not address Plaintiff's first motion to compel (DE 58) in that request (DE 67 (emphasis added)), the response they filed on November 13, 2018 appears to address all three of Plaintiff's then-pending motions to compel (DEs 58, 60 and 65.) (DE 71.) Defendants assert in that response that "[u]ltimately, interrogatories have been answered and every document, photo, and video in possession of Defendants regarding this incident have been turned over. There is nothing left to compel." (*Id.*)

### C. Plaintiff's reply

Plaintiff timely filed a reply brief on November 19, 2018. (DE 73.) Although Plaintiff's brief is a very poor copy and difficult to read, Plaintiff appears to argue that Defendants' response was untimely and that it improperly attempts to

---

[2] The Text-Only Order granting Defendants' motion for extension of time ordered that Defendants' response to DE 60 was due by November 9, 2018. (Text-Only order dated 10/30/2018). Defendants' response was filed four days late, on November 13, 2018. (DE 71.) Defendants acknowledge this late filing in a footnote—although claiming that the response is only "one business-day late" (counting the intervening weekend and legal holiday)—but otherwise offer no explanation for why they failed to meet the required, already extended, deadline.

respond to "multiple motions" and thus should be disregarded. Plaintiff also refers to a declaration he filed on November 7, 2018, in which he states that the videos produced by Defendants are not the videos he requested, and that none of the videos produced "had audio as requested." (DE 70.) In his reply brief, Plaintiff claims that copies of the videos from patrol cars 3553 and 3528 he requested had been provided to the "Genesee County APA for review," and should likewise be produced here. (*Id.*)[3]

### III. Analysis

#### A. Legal Standard

The Court has broad discretion to determine the scope of discovery. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). The scope of discovery, which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

---

[3] Plaintiff also filed a series of "declarations" on December 3 and December 10, 2018, in which he challenges Defendants' late responses to his first, second and third interrogatories and the accuracy of a "mug shot" photograph produced. (DEs 74-76, 78.) However, a "declaration," standing alone, is not a proper response or reply to a motion. I will consider the declarations for purposes of this order only. However, if Plaintiff files a similar "declaration" in lieu of a proper pleading or motion in the future, it will be stricken.

expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the court. Fed. R. Civ. P. 26(b)(1). Further, discovery is more liberal than even the trial setting, as Rule 26(b) allows information that "need not be admissible in evidence" to be discoverable. *Id.* However, the court must also balance the "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.,* 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush,* 161 F.3d at 367). Rule 37(a) allows a party to move for an order compelling "an answer, designation, production, or inspection" if the opposing party has failed to provide a discovery response. Fed. R. Civ. P. 37(a)(3).

> **B. Plaintiff's motions to compel are GRANTED IN PART AND DENIED IN PART**

Having generously reviewed all documents filed by the parties, and in an effort to finally resolve these discovery disputes, Plaintiff's motions to compel (DEs 58, 60, 65) are **GRANTED IN PART AND DENIED IN PART** as follows:

> **1. Plaintiff's motion to compel responses to his second requests for production of documents (DE 58)**

Plaintiff's April 23, 2018 second request for production of documents seeks:

(1) Police officers' history in department (including incidents of civilian complaints, discipline, use of force, commendations).

(2) Work product of investigative units like internal affairs, reports, data bases, statistics.

7

    (3)    List of all relevant physical evidence seized, viewed, or photographed.

    (4)    Reports of radio calls concerning incident.

    (5)    Mug shots/photos of Plaintiff.

    (6)    The report of damage done to trooper initiated collisions.

    (7)    Information concerning the practice of the execution of search warrants and warrantless searches.

    (8)    Arrest records of defendants (when they have been arrested).

(DE 58 at 7.) Defendants responded to those requests (apparently timely) on May 24, 2018, and objected to Request Nos. 1-3 and 6-8, stated that any documents responsive to Request No. 4 "would have been previously provided," and produced an OTIS page photo of Plaintiff in response to Request No. 5. (*Id.* at 8-13.) Plaintiff states that Defendants subsequently produced "mug shot photos" of Plaintiff (although he claims that they were altered), but "no other discovery of this motion has been provided to [P]laintiff." (DE 78.)

    I find that Defendants timely and properly objected to Request Nos. 2-3, and 6-8. Plaintiff has failed to articulate how this information sought it relevant to his claims in this lawsuit. I also find that Defendants have adequately responded to Request Nos. 4 and 5. Accordingly, Plaintiff's motion to compel responses to Request Nos. 2-8 is **DENIED**.

However, Plaintiff's motion to compel response to Request No. 1 is **GRANTED IN PART**, and Defendants are ordered to respond and produce only civilian complaints against them, in their possession, custody or control, that assert claims of excessive force against them, for the 2008 through 2015 time period, if any, **or** affirmatively state that no such responsive documents exist. Defendants otherwise properly objected to the remainder of Request No. 1.

### 2. Plaintiff's motion to compel responses to his third request for production of documents (DE 60)

Plaintiff's August 24, 2018 third request for production of documents seeks:

(1) The full unedited copy of both audio and video of the dash cam footage from MSP vehicles #3553 and #3528 incident no. 035-0010408-15(51).

(2) Color pictures printed on plain white paper of the damage done to the suspect vehicle and the damage done to the troopers['] vehicle Incident No 035-0010408-15(51).

(3) A list of any other troopers' vehicles that were involved in this incident that have not been listed, including those who have not made reports.

(DE 60 at 7.)

Plaintiff admits that Defendants have produced three videos in response to Request No. 1, but contend that they are not the videos requested, and that none of the videos produced includes audio, as requested. (DE 73.) Defendants state that "there were only three videos saved from the incident and provided to the undersigned and Plaintiff was provided full copies of the video to view" and that

9

"[t]here is nothing left to compel." (DE 71.) Defendants cannot produce what they do not have, and the Court recognizes from prior cases that many such videos do not contain audio. Accordingly, Plaintiff's motion to compel is **DENIED** as to Request No. 1, except that if Defendants have the videos in question, with audio, they must be produced within 14 days of this Order.

Defendants produced black and white photographs in response to Request No. 2, but Plaintiff requested color copies. Defendants shall inform Plaintiff of the cost of producing color copies of the photographs requested within 7 days of this Order, to the extent they exist in color. Upon payment of that fee by Plaintiff, Defendants shall produce the color copies to Plaintiff within 7 days.

Plaintiff's motion to compel Request No. 3 is **GRANTED** and Defendants shall respond to Request No. 3, as it seeks relevant information regarding the identify of potential persons with knowledge.

### 3. Plaintiff's motion to compel responses to first, second and third interrogatories (DE 65)

Plaintiff asserts that he served separate sets of interrogatories on each of the three Defendants on August 27, 2018. (DE 65; *see also* DE 55 at 3-8.) According to Plaintiff's December 3, 2018 declarations, to which he attaches each Defendant's interrogatory responses, Defendants served late responses to the interrogatories on November 13, 2018 (which I note is the same date that Defendants' single response brief was filed). (DEs 74, 75, 76.) However, Plaintiff

complains that Defendant Furst failed to sign his responses under oath, and that the responses are otherwise deficient for several reasons. (*Id.*) Defendants respond only that "[u]ltimately, interrogatories have been answered" and "[t]here is nothing left to compel[,]" not otherwise addressing the issue of whether Defendant Furst's answers have been properly executed as required by Rule 33(b)(3). (DE 71 at 2.)

Defendant Furst is ORDERED to re-submit properly sworn interrogatory responses within 14 days of this Order.

Because Defendants' interrogatory responses are late, they have waived all objections. Fed. R. Civ. P. 33(b)(4) ); *see also Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99-CV-118, 2001 WL 34059032, at *1-2 (W.D. Mich. Feb. 13, 2001) ("Th[e] rule [that failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objections] applies with equal force to all objections, including those based on attorney-client privilege or attorney work product.") (internal quotation marks and citations omitted); *see also Hennigan v. General Elec. Co.*, No. 09-11912, 2011 WL 13214444, at *3 (E.D. Mich. June 1, 2011) ("Under Fed. R. Civ. P. 34(b), any objection to a request to produce, including an objection based on a claim of privilege, must be made within 30 days of service of the request to produce.") (citation omitted). However, only Defendant Thomas asserts an objection to the interrogatories, and then only as to

Interrogatory No. 1. That objection is stricken. In light of this, Defendant Thomas should amend his response, if necessary, by way of supplementation.

Defendants have otherwise sufficiently answered the interrogatories. Although Plaintiff is unhappy with responses such as "I don't recall," such a sworn response is not improper, if accurate. However, Defendants will be bound by those sworn responses. Further, Plaintiff complains that Defendants Furst and Thomas did not attach a copy of the radio log in response to Interrogatory No. 5 to each of them, and that Defendant Ellis did not attach a copy of the dispatch log in response to Interrogatory No. 6. (DEs 74, 75, 76.) However, while a party has the *option* of producing business records when the answer to an interrogatory may be determined by examining those records, Fed. R. Civ. P. 33(d), a party cannot be compelled to produce such records in response to an interrogatory. Rather, a request for documents is proper pursuant to Fed. R. Civ. P. 34.

Finally, I decline to award costs as requested by Plaintiff in DEs 58 and 60. Pursuant to Federal Rule of Civil Procedure 37, if a motion to compel is granted in part and denied in part, the Court *may* apportion reasonable expenses for the motion. It does not have to. Here, both sides' positions were substantially justified and required rulings from the Court. In addition, neither party fully prevailed. As such, an award of costs in this matter would neither be appropriate, nor just.

**IV. Conclusion**

Accordingly, for the reasons set forth above, Plaintiff's motions to compel (DEs 58, 60, 65) are **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

Dated: February 27, 2019

s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 27, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti