UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON,

    Plaintiff

v.

COLTER FURST,
MICHAEL THOMAS, and
NATHAN ELLIS

    Defendants.
_____/

Case No. 2:17-12676
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

# ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DE 99)

## I. Procedural History

### A. Background

Plaintiff Jerry Anderson, a state prisoner who is proceeding *in forma pauperis*, brings this prisoner civil rights lawsuit against three defendants, Colter Furst, Michael Thomas and Nathan Ellis, all Michigan State Police Troopers, alleging they violated his rights under the Fourth Amendment by using excessive force during his arrest on September 4, 2015. (DE 1.) He seeks injunctive and declaratory relief, in addition to compensatory and punitive damages. (*Id.*)

### B. The Court's February 27, 2019 Order (DE 96)

1

On February 27, 2019, the Court entered an order granting in part and denying in part Plaintiff's motions to compel (DEs 58, 60, 65). (DE 96.) Specifically, with respect to Plaintiff's motion to compel Plaintiff's second requests for production (DE 58), the Court denied the motion to compel responses to Request Nos. 2-8 because Defendants timely and properly objected to Requests 2-3 and 6-8, Plaintiff failed to articulate how the information sought is relevant to his claims in this lawsuit, and Defendants adequately responded to Request Nos. 4 and 5. (DE 96 at 7-8.) However, the Court granted in part the request to compel a response to Request No. 1 and ordered Defendants to produce civilian complaints against them for the 2008 through 2015 time period, if any. (*Id.* at 8-9.)

With respect to Plaintiff's motion to compel his third request for production (DE 60), the Court denied the motion to compel a response to Request No. 1 seeking dash cam audio/video, noting that Defendants produced three videos in response and have stated that "[t]here is nothing left to compel." (DE 96 at 9-10.) The Court also ordered Defendants to produce color copies of the responsive photographs, to the extent they exist and upon payment by Plaintiff, in response to Request No. 2, and granted Plaintiff's request to compel a response to Request No. 3 seeking a list of any other troopers' vehicles involved in this incident. (*Id.*)

And, with respect to Plaintiff's motion to compel responses to interrogatories (DE 65), the Court ordered Defendant Furst to re-submit properly

sworn interrogatory responses, and ordered that all objections have been waived, but that Defendants have otherwise sufficiently answered the interrogatories. (DE 96 at 10-12.)

### C. Plaintiff's Motion for Reconsideration (DE 99)

On March 14, 2019, Plaintiff filed a motion for reconsideration (in part) of the Court's February 27, 2019 Order. (DE 99.) Plaintiff argues that, with respect to his motion to compel Plaintiff's second requests for production (DE 58), Request Nos. 1-2 and 7-8 are relevant "because he is seeking injunctions against the defendants" and to "prove and or disprove that 'the entity's policy or custom played a part in violations of law,'" and that Request Nos. 3 and 6 "will give more detail to the facts of [his] claims" including "whether or not any weapons or misc [sic] items were present to pose a danger to either party and the report of damage done will give details on how fast the impact occurred, the angles of impact, and official reports of the incident will give detail on such." (*Id.* at 1-2.)[1]

And with respect to his motion to compel his third request for production (DE 60), Request No. 1, Plaintiff now contends that if Defendants do not have the video and audio requested, he is "entitled to a favorable view of the 'missing video/audio' because of defendants spoliation," and he seeks various sanctions

---

[1] The Court notes that it actually did grant Plaintiff's motion with respect to Request No. 1.

under Rule 37, including that "plaintiffs [sic] allegations be designated as facts being established; prohibit defendants from supporting or opposing designated claims or defenses; staying further proceedings until the order is obeyed; rendering a default judgment against the defendants; [and ] treat this as a contempt of court[.]" (*Id.* at 2-3.)

## II.  Standard for Reconsideration

E.D. Mich. LR 7.1(h) allows a party to file a motion for reconsideration. Under the rule, a motion for reconsideration may only be granted if the movant demonstrates a palpable defect by which the Court and the parties have been misled and shows that correcting the defect will lead to a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). However, a motion for reconsideration which presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F.Supp.2d 628, 632 (E.D. Mich. 2001). Further, new arguments "raised for the first time in a motion for reconsideration at the district court generally [are] forfeited." *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331-32 (6th Cir. 2009). "Instead, the moving party must show that the Court made a mistake based on the record before it, and rectifying the mistake would change the outcome."

*Southfield Educ. Ass'n v. Bd. of Educ. of the Southfield Pub. Sch.*, 319 F.Supp.3d 898, 902 (E.D. Mich. 2018).

### III. Analysis

Here, Plaintiff presents essentially the same arguments as in his underlying motions to compel—that the discovery requests are relevant and will give more detail to his claim—and some new arguments "raised for the first time in [the] motion for reconsideration"—*i.e.*, that he is entitled to spoliation instructions or sanctions. *See Southfield Educ. Ass'n v. Board of Educ. of Southfield Pub. Sch.*, 319 F.Supp.3d 898, 901-02 (E.D. Mich. 2018) ("New arguments 'raised for the first time in a motion for reconsideration at the district court generally [are] forfeited" and "[o]ld arguments re-presented will not justify reconsideration.") (internal citation omitted); *Howard v. Joseph*, No. 10-11880, 2012 WL 662191, at *1 (E.D. Mich. Feb. 29, 2012) ("A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier.") (citation omitted). However, he has failed to identify any "palpable defect" by which the Court and the parties have been misled, based on the record before the Court at the time it entered its order, as required by E.D. Mich. LR 7.1(h)(3). It is well settled that decisions on matters pertaining to discovery rest in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *State Farm Mut. Auto. Ins. Co. v.*

*Spine Specialists of Mich.*, No. 14-13299, 2016 WL 8787121, at *3 (E.D. Mich. Mar. 14, 2016) ("[A] court has broad discretion over discovery matters, and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and his order is overruled only if the district court finds an abuse of discretion.") (internal citation omitted). That Plaintiff is dissatisfied with the Court's ruling does not mean that reconsideration is proper. Accordingly, Plaintiff's motion for reconsideration (DE 99) is denied.

**IV. Conclusion**

As Plaintiff has reiterated his initial arguments or raised new arguments for the first time, and had and not identified a palpable defect, his motion for reconsideration (DE 99) is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 22, 2019				s/*Anthony P. Patti*
						Anthony P. Patti
						UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on May 22, 2019, electronically and/or by U.S. Mail.

						s/Michael Williams
						Case Manager for the
						Honorable Anthony P. Patti