UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON,

        Plaintiff

v.

COLTER FURST,
MICHAEL THOMAS, and
NATHAN ELLIS

        Defendants.
_____/

Case No. 2:17-12676
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DE 85), (2) DENYING PLAINTIFF'S MOTIONS TO COMPEL (DEs 87, 88), AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS AND TO COMPEL DEPOSITION (DE 91)**

## I. Introduction

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this prisoner civil rights lawsuit against three defendants, Colter Furst, Michael Thomas and Nathan Ellis, all Michigan State Police Troopers, alleging they violated his rights under the Fourth Amendment by using excessive force during his arrest on September 4, 2015. (DE 1.) He seeks injunctive and declaratory relief, in addition to compensatory and punitive damages. (*Id.*)

1

Plaintiff brings a motion for protective order regarding his deposition (DE 85) and two motions to compel discovery pursuant to Fed. R. Civ. P. 37(a) (DEs 87 and 88.) Defendants filed a motion for sanctions and to compel deposition testimony. (DE 91.) For the reasons that follow, Plaintiff's motions (DEs 85, 87, 88) are **DENIED** and Defendants' motion (DE 91) is **GRANTED IN PART AND DENIED IN PART**.

II. **Instant Motions**

    A. **Plaintiff's Motions**

On January 29, 2019, Plaintiff filed the following three motions:

    1. **Motion for protective order (DE 85)**

First, Plaintiff filed a motion for protective order seeking protection from certain questions at his deposition scheduled for January 25, 2019. (DE 85.) Specifically, he seeks protection "from being asked questions that would give the defendants answers to the interrogatories that have been served" and "from disclosing mental impressions, trial preparation materials and the reasons that he requested" certain discovery. (*Id.* at 1.) Plaintiff also objects that the deposition notice, served on January 16, 2019 for a January 25th deposition, did not provide a reasonable amount of time to prepare for his deposition. (*Id.* at 2.)

    2. **Motion to compel responses to fourth requests for production of documents (DE 87)**

Second, Plaintiff filed a motion to compel discovery, seeking to compel Defendants' responses to his fourth request for production of documents, served on November 28, 2018, which seeks seven categories of documents. (DE 87.) Plaintiff contends that all of the documents sought are relevant and "directly related to the Troopers, their rules of conduct that they are expected to follow, their history within the department and their discipline." (*Id.* at 1.) Plaintiff complains that Defendants have not responded to these discovery requests. (*Id.* at 2.)

### 3. Motion to compel interrogatories, sets 4, 5, 6 (DE 88)

Finally, Plaintiff filed a second motion to compel, seeking to compel Defendants' responses to his three sets of interrogatories served on each of the Defendants individually. (DE 88.) Plaintiff served the interrogatories on Defendants on November 28, 2019, but Defendants have not responded. (*Id.*)

### 4. Defendants' single response to Plaintiff's three motions (DE 92)

On February 11, 2019, Defendants filed one response to Plaintiff's three motions. (DE 92.) Defendants argue that Plaintiff's motion for protective order should be denied because "at least the first part of [his] deposition has been taken" and Defendants only asked factual questions regarding the day of Plaintiff's arrest and Plaintiff's alleged injuries, and did not request legal conclusions. (*Id.* at 2.) Defendants also contend that the deposition notice was timely and no surprise was involved. (*Id.*)

3

As for Plaintiff's two motions to compel (DEs 87, 88), Defendants state that the discovery cutoff in this case was December 17, 2018, and thus Plaintiff's discovery requests, served on November 28, 2018, were untimely as the responses would have been due after the discovery cutoff. (*Id.* at 2-4.)

### 5. Plaintiff's reply (DE 93)

Plaintiff filed a reply brief on February 22, 2019. (DE 93.) Plaintiff first objects to Defendants filing one response to multiple motions. (*Id.* at 1.) With respect to his motion for protective order (DE 85), Plaintiff argues that his January 25, 2019 deposition transcript may not be used at a hearing or trial pursuant to Fed. R. Civ. P. 32(a)(5)(A) because he received less than eleven-days' notice of the deposition and the instant motion for protective order was pending at the time of his deposition. (*Id.* at 1-2.) He also argues, with respect to his two motions to compel (DEs 87, 88), that his discovery requests were timely because they were served before the discovery cutoff date. (*Id.* at 3-5.)

### B. Defendants' Motion

#### 1. Defendants' motion for sanctions and to compel deposition testimony (DE 91)

On February 5, 2019, Defendants filed a motion to compel Plaintiff to answer questions at his deposition about the day of the incident giving rise to this lawsuit, and for monetary sanctions in the form of costs required to have the court reporter appear again for "the third attempted time for his deposition." (DE 91 at

2.) Defendants argue that Plaintiff's deposition was taken on January 25, 2019, but that he refused to answer any questions that he deemed "irrelevant," including questions regarding the moments leading up to the police chase on the date of his arrest. (*Id.* at 4.) Defendants contend these topics are clearly relevant to his excessive force claim, and that "Plaintiff does not have the right to do a trial by ambush when it comes to these topics." (*Id.* at 5-6.)

### 2. Plaintiff's response (DE 94)

Plaintiff filed a response on February 22, 2019, arguing first that Defendants' motion was improperly filed after the January 31, 2019 deadline to file discovery-related motions. (DE 94 at 1.) Plaintiff also argues that the deposition was not reasonably noticed, and that Defendants failed to attach a copy of the deposition notice to their motion or attach a "<u>full</u> verbatim copy of the questions and answers that are the subject of this motion." (*Id.* at 1-2 (emphasis in original).)

## III. Analysis

### A. Legal Standard

The Court has broad discretion to determine the scope of discovery. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). The scope of discovery, which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the court. Fed. R. Civ. P. 26(b)(1). Further, discovery is more liberal than even the trial setting, as Rule 26(b) allows information that "need not be admissible in evidence" to be discoverable. *Id.* However, the court must also balance the "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.,* 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush,* 161 F.3d at 367). Rule 37(a) allows a party to move for an order compelling "an answer, designation, production, or inspection" if the opposing party has failed to provide a discovery response. Fed. R. Civ. P. 37(a)(3).

Federal Rule of Civil Procedure 26(c) provides that for good cause shown, a court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This Rule confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The Court may specify the terms of production, limit disclosure, require that documents be filed under seal, or take any

6

other action that effectuates the purposes of Rule 26(c). The party seeking protection bears the burden of demonstrating that there is good cause for restricting the disclosure of the information at issue. Fed. R. Civ. P. 26(c). For good cause to exist, the party seeking to limit the disclosure of discovery materials must show that specific prejudice or harm will result if no protective order is granted, and the moving party cannot rely on mere conclusory statements. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).

    **B.    Plaintiff's Motion for Protective Order (DE 85) is DENIED**

On January 14, 2019, the Court entered an Order granting in part Defendants' motions to take Plaintiff's deposition (DEs 79, 82) and ordered that:

> Defendants may take Plaintiff's deposition on or before **FEBRUARY 4, 2019**. Defendants shall be permitted to take the deposition of Plaintiff for all purposes allowed by the Federal Rules of Civil Procedure, and the deposition may occur in person, by telephone, or via video teleconference, at Defendants' option and consistent with the requirements and needs of Plaintiff's place of incarceration.

(DE 83 at 3 (emphasis in original).)[1] Consistent with that Order, Defendants noticed Plaintiff's deposition for January 25, 2019. Plaintiff appeared that day and Defendants represent that "at least the first part of the deposition" was taken. (DE 92 at 2.)

---

[1] Defendants initially noticed Plaintiff's deposition for January 3, 2019, but on that date Plaintiff refused to answer any questions because it was past the December 17, 2018 discovery deadline and the Court had not ruled on Defendants' then-pending motion for extension. (DE 82.)

Plaintiff's motion for protective order (with a signature date of January 24, 2019 (one day *before* his deposition), but with a filing date of January 29, 2019 (five days *after* his deposition)), requests protection: (1) "from being asked questions that would give the defendants answers to the interrogatories that have been served" and (2) "from disclosing mental impressions, trial preparation materials, and the reasons that he requested the items listed in his multiple motions to compel discovery." (DE 85 at 1.) Plaintiff also objects that the deposition notice was not served sufficiently in advance of the deposition. (*Id.* at 2.)

Plaintiff's motion is **DENIED**. The Court previously ordered that Defendants were permitted to take the deposition "for all purposes allowed by the Federal Rules of Civil Procedure," and, as discussed more fully below, pursuant to those rules, the party conducting the examination may inquire into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Plaintiff does not more specifically explain the substance of the questions that "would give the defendants answers to the interrogatories that have been served," but to the extent those questions address the facts of this case and Plaintiff's claim, including but not limited to the events leading to Plaintiff's arrest, they are relevant and discoverable. Furthermore, discovery by interrogatory and discovery by deposition are not mutually exclusive tools. In deposition, defendants are free to explore

8

topics previously addressed in interrogatories and to follow up on or impeach with interrogatory answers previously given.

Second, Rule 26(b)(3) already provides protection for "documents and tangible things that are prepared in anticipation of litigation or for trial" and protects against disclosure "of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(A), (B). Plaintiff, as a *pro se* litigant, has a right to assert work product protection over such material. *See Dessault Systemes, Sa v. Childress*, No. 09-10534, 2013 WL 12181774, at *1 (E.D. Mich. Nov. 22, 2013) (acknowledging that defendant, a *pro se* litigant, has the right to assert work product protection). Accordingly, as Plaintiff already has this protection, there is no need for a protective order governing this issue; nor does the Court provide prospective rulings on anticipated objections, as the signature date on the motion (one day before the scheduled deposition) would suggest.

Finally, Rule 30(b) requires that the party seeking a deposition give "reasonable written notice" of the deposition, but does not require a specific number of days of notice. *See* Fed. R. Civ. P. 30(b)(1). Rather, the reasonableness of notice depends on the particular facts and circumstances of each case. *See Hart v. United States*, 772 F.2d 285, 286 (6th Cir. 1985); *Burket v. Hyman Lippitt, P.C.*, No. 05-72110, 2008 WL 718180, at *2 (E.D. Mich. Mar. 14, 2008). Plaintiff's

complaint that nine-days' notice of the January 25, 2019 deposition is not "reasonable" is not well taken in light of the facts and circumstances of this case, which include that: Plaintiff is incarcerated and unlikely to have other, more pressing concerns that day; the issues in this matter are not complicated; the Defendants noticed and attempted to take his deposition on January 3, 2019; and, the Court's January 14, 2019 Order required that the deposition occur on or before February 4, 2019. *See Smith v. Stephens*, No. 2:10-CV-13763, 2012 WL 899347, at *3 (E.D. Mich. Mar. 16, 2012) (four days was "reasonable written notice" where Plaintiff was a prisoner and examination topics were not complicated). Plaintiff cannot justifiably claim surprise or undue burden.[2] Therefore, Plaintiff's motion for protective order (DE 85) is **DENIED**.

### C. Plaintiff's Motions to Compel (DEs 87, 88) Are DENIED as Untimely

---

[2] Plaintiff argues, for the first time in his reply brief, that Defendants should be precluded from using his deposition testimony at a hearing or trial, pursuant to Fed. R. Civ. P. 32(a)(5)(A), which addresses "depositions taken on short notice." (DE 93 at 1-2.) However, apart from being premature, this issue is not properly before this Court, as the Sixth Circuit repeatedly has recognized that arguments raised for the first time in a party's reply brief are waived. *See United States v. Lopez-Medina*, 461 F.3d 724, 743 (6th Cir. 2006) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (deeming arguments that are not raised in the appellant's main brief, or raised merely in perfunctory manner, as waived); *Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.*, 436 F.3d 662, 676 (6th Cir. 2006) (a district court properly declines to consider an issue raised for the first time in a reply brief).

Plaintiff's other two January 29, 2019 motions seek to compel responses to discovery requests (requests for production and interrogatories) served on Defendants on November 28, 2019.  (DEs 87, 88.)  Defendants contend that the discovery requests at issue were untimely because Defendants' responses would have been due after the discovery cutoff date, so no responses were required.  (DE 92 at 2-4.)

The Court's initial scheduling order provided a discovery cutoff date of November 1, 2018, expressly stating that discovery must be "completed" by that date and explaining that "the discovery completion date requires that discovery requests be made sufficiently in advance *to permit timely **response** within the discovery period*."  (DE 39 at 2 (emphases added).)  The discovery deadline was subsequently extended to December 17, 2018, with the Court again expressly stating that discovery must be "completed" by that date.  (DE 63 at 2.)  That order also stated that "**[t]here will be no further extensions of the discovery deadline**." (*Id.* (emphasis in original).)[3]

---

[3] The Court subsequently entered an order permitting Defendants to take Plaintiff's deposition and directing the USMS to serve four subpoenas for Plaintiff after the December 17, 2018 discovery cutoff, but expressly stated that "the December 17, 2018 discovery cutoff is otherwise not extended for any other purpose."  (DE 83 (emphasis in original).)  The Court found good cause to extend the time to take Plaintiff's deposition, after the discovery period, because Defendants explained that Plaintiff's deposition had been noticed during the discovery period, but that "due to other commitments both professionally and personally," it had to be rescheduled to January 3, 2019.  Plaintiff appeared that day but refused to answer

11

The Federal Rules of Civil Procedure provide that parties have thirty days in which to respond to interrogatories and requests for production. Fed. R. Civ. P. 33(b)(2), 34(b)(2). Accordingly, Defendants' responses to the discovery requests at issue in Plaintiff's motions to compel (DEs 87, 88), served on November 28, 2018, would not have been due until December 28, 2018, eleven days <u>after</u> the December 17, 2018 discovery deadline. The Court's scheduling order, issued on May 29, 2018, expressly required that that "discovery requests be made sufficiently in advance to permit timely response within the discovery period" (DE 39 at 2), and the requirement that "discovery must be served upon a party so that the receiving party has enough time to respond, as provided for in the Federal rules" is well settled. *See Drahuse v. Federal Home Loan Mortg. Corp.*, No. 10-CV-14117, 2011 WL 4088170, at *1-2 (E.D. Mich. Sept. 14, 2011) (collecting cases and holding that because the discovery due date was past the scheduling order's "[c]losing date" for discovery, the discovery requests were untimely); *see also Ginett v. Federal Express Corp.*, No. 97-5481, 1998 WL 777998, at *4 (6th Cir. Oct. 21, 1998) (holding that the magistrate judge who refused to compel responses because responses were not due until after the discovery deadline

---

questions because discovery closed. And, the Court found good cause to direct the USMS to serve four subpoenas for Plaintiff, after the discovery period, because Plaintiff stated that he requested the subpoenas at issue in November and December 2018, but did not receive them until "on or about 12-26-18." (*Id.*)

12

"properly applied the law"); *Appalachian Reg'l Healthcare, Inc. v. U.S. Nursing Corp.*, No. 7:14-cv-00122-KKC-EBA, 2017 WL 9690401, at *4-5 (E.D. Ky. Sept. 1, 2017) ("Under Rules 33(b)(3) and 34(b) 'a party must serve his discovery request at least thirty days before the court-ordered discovery deadline to be timely and to necessitate a response.'") (collecting cases).

Accordingly, because Plaintiff did not serve the discovery requests at issue in his January 29, 2019 motions to compel (DEs 87, 88) at least thirty (30) days before the December 17, 2018 discovery deadline, the discovery requests were untimely and Defendants were not required to respond or produce the requested documents. Plaintiff's asserted (and incorrect) "understanding" that he was only required to *serve* his discovery by the discovery cutoff date is unavailing because the fact that Plaintiff is proceeding without an attorney does not exempt him from following court rules and deadlines. A *pro se* litigant, whether a plaintiff or defendant, is required to follow the law—not to mention the clear language in this case's scheduling order—and assumes the risks and hazards that accompany self-representation. *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000); *Mooney v. Cleveland Clinic Foundation,* 184 F.R.D. 588, 590 (N.D. Ohio 1999) ("*Pro se* litigants are required to follow the rules of civil procedure and easily-understood Court deadlines.").

Plaintiff's motions to compel (DEs 87, 88) are therefore **DENIED**.

### D. Defendant's Motion for Sanctions and to Compel Deposition Testimony (DE 91) is Granted in Part and Denied in Part

Defendants deposed Plaintiff on January 25, 2019, but contend that Plaintiff refused to answer many of the questions asked regarding the events preceding his arrest on September 4, 2015, and instead objected on the basis of relevance. (DE 91, 91-2.) Defendants assert that because Plaintiff alleges that Defendants used improper excessive force to execute Plaintiff's arrest, Plaintiff's state of mind during the arrest, and the events preceding the arrest are relevant to Plaintiff's claim and are thus discoverable. (DE 91 at 4-6.) Plaintiff responds that Defendants' motion is untimely because it was filed after the "motions related to discovery" cutoff date of January 31, 2019. (DE 94 at 1.) Plaintiff further contends that Defendants did not provide reasonable notice of the deposition and that they failed to attach a copy of the notice for taking of deposition as required by E.D. Mich. LR 37.2. (*Id.* at 1-2.)

I will first address the timeliness of Defendants' motion. It is true that the instant motion was filed five calendar days after the January 31, 2019 deadline for filing discovery motions. However, given that the Court extended discovery for the limited purpose of the taking of Plaintiff's deposition on or before February 4, 2019, that Plaintiff refused to answer many of Defendants' questions during the January 25, 2019 deposition, and that the instant motion was filed just over one week after Plaintiff's deposition, the timing of the motion is reasonable. While

Defendants theoretically could have filed a motion in the days immediately following Plaintiff's deposition, it was not unreasonable that they presumptively waited to file the motion until they received a copy of the deposition transcript.

As for Plaintiff's second argument that Defendants did not provide sufficient notice for the deposition, as explained above, Rule 30(b)(1) only requires "reasonable written notice," and the Court found that Defendants met that requirement. And Plaintiff's argument that Defendants failed to comply with Local Rule 37.2 is also without merit, as Defendants attached at least a portion of Plaintiff's deposition transcript containing the testimony at issue in this motion. In this instance, it was not the *notice* of the deposition that was required under Local Rule 37.2, but rather, the *testimony* that was at issue; and this was attached to the extent necessary for the Court to appreciate the problem. *See* E.D. Mich. LR 37.2 ("Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.").

Plaintiff did not address Defendants' argument that he improperly refused to answer questions at his deposition, which is the crux of this particular motion. Federal Rule of Civil Procedure 30 governs depositions by oral examination. In a

deposition taken pursuant to Rule 30, the party conducting the examination may inquire into any nonprivileged topic, where there is any possibility that the information sought may be relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Rule 30 permits a deponent to object during a deposition, but then <u>he must nevertheless answer the question posed</u> and "the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). Rule 30 provides only three grounds whereby a person may refuse to answer at a deposition: (1) "to preserve privilege," (2) "to enforce a limitation ordered by the court," or (3) "to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). This rule applies equally to *pro se* litigants. *Goode v. Mercy Mem. Hosp.*, No. 11-10037, 2014 WL 7369926, at *3 (E.D. Mich. Dec. 29, 2014). However, it is well settled that "[l]ack of relevance is not a valid objection under [the federal rules] and, as a result, is not an appropriate reason to withhold answers to a question posed during a deposition." *Id.* (quoting *Ferrell v. Sparkman*, No. 4:06-cv-7, 2007 WL 172516, at *2 (E.D. Tenn. Jan. 18, 2007)). Furthermore, Rule 26(b)(1) makes clear that, "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). So Plaintiff's opportunity to object to the admission of evidence at trial is preserved by his objection, even if he still must answer the question in his deposition. Accordingly, while Plaintiff is entitled to state on the record during his deposition his objection as to the lack of relevance, if

16

he chooses, he must then respond to the questions posed. There is simply no basis in the Federal Rules of Civil Procedure for Plaintiff to decline to answer questions related to a topic he subjectively deems irrelevant.

As it turns out, Plaintiff refused to answer *relevant* questions about the events in question in this case. His complete failure or refusal to answer relevant questions was impermissible, and not allowed under any grounds laid out in Fed. R. Civ. P. 30(c)(2), there being no showing that the deposition was being "conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party[,]" and the Court finding no such ill motive or inappropriate manner here. As such, Defendants are entitled to take further deposition testimony from Plaintiff pursuant to Fed. R. Civ. P. 37(a)(B)(i). Defendants may notice another deposition for Plaintiff, to occur on or before **June 17, 2019**.

Plaintiff shall attend the continuation of his deposition, and shall provide truthful and complete answers to all questions asked unless the refusal to answer is permissible upon the very limited grounds discussed elsewhere in this opinion, and each ground upon which he relies is stated on the record, concisely and in a nonargumentative manner. The questions Plaintiff must answer include, <u>but are not limited to</u>, those he failed to answer at the initial session of his deposition on

17

January 25, 2019, questions regarding his claims in this lawsuit, and questions seeking similar information.

However, Defendants' request for sanctions is denied. While Plaintiff may have improperly refused to answer questions he contends were not "relevant," he had filed a motion for protective order, which was at least signed before the January 25, 2019 deposition, and he was entitled to a ruling on that motion. Accordingly, no monetary sanctions will be awarded. However, Plaintiff is cautioned that even though he is proceeding *pro se*, he must still conduct himself with civility in this Court, and any failure to attend the subsequently-noticed deposition or to participate in that deposition and answer questions as provided in this Order will subject him to the imposition of sanctions, which may include dismissing all of his claims with prejudice.

Accordingly, Defendants' motion for sanctions and to compel deposition testimony (DE 91) is **GRANTED IN PART and DENIED IN PART**.

## IV. Conclusion and Order

Accordingly, for the reasons set forth above, Plaintiff's motion for protective order (DE 85) and his motions to compel (DEs 87, 88) are **DENIED**, and Defendants' motion for sanctions and to compel deposition testimony is **GRANTED IN PART and DENIED IN PART**. Defendants may notice another deposition for Plaintiff, to occur on or before **June 17, 2019**. As before,

Defendants shall be permitted to take Plaintiff's deposition for all purposes allowed by the Federal Rules of Civil Procedure, and the deposition may occur in person, by telephone, or via video teleconference, at Defendants' option and consistent with the requirements and needs of Plaintiff's place of incarceration.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this Order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED**.

Dated: May 29, 2019　　　　　　　　　s/*Anthony P. Patti*
　　　　　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on May 29, 2019, electronically and/or by U.S. Mail.

　　　　　　　　　　　　　　　　　　s/Michael Williams
　　　　　　　　　　　　　　　　　　Case Manager for the
　　　　　　　　　　　　　　　　　　Honorable Anthony P. Patti