UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON,

       Plaintiff

v.

COLTER FURST,
MICHAEL THOMAS, and
NATHAN ELLIS

       Defendants.
_____/

Case No. 2:17-12676
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

# ORDER DENYING PLAINTIFF'S REQUEST FOR CONTEMPT OF COURT (DE 99) AND STRIKING MISCELLANEOUS DOCUMENTS (DEs 102, 103)

## I. Procedural History

### A. Background

Plaintiff Jerry Anderson, a state prisoner who is proceeding *in forma pauperis*, brings this prisoner civil rights lawsuit against three defendants, Colter Furst, Michael Thomas and Nathan Ellis, all Michigan State Police Troopers, alleging they violated his rights under the Fourth Amendment by using excessive force during his arrest on September 4, 2015. (DE 1.) He seeks injunctive and declaratory relief, in addition to compensatory and punitive damages. (*Id.*)

### B. Plaintiff's Request for Contempt of Court (DE 100)

1

On March 14, 2019, Plaintiff filed a request for contempt of court, asking for an order of contempt against four non-parties he complains failed to comply with subpoenas. (DE 100.) Plaintiff notes that on January 14, 2019, this Court directed the United States Marshals Service (USMS) to serve the four subpoenas at DE 80, Pg IDs 403-418, on the persons/entities at the addresses listed on each of the subpoenas. (DE 83 at 4.) Plaintiff asserts that the nonparties have failed to comply with the subpoenas and have not given any reason for failure to do so, and accordingly requests that the Court enter an order for contempt against the four nonparties: (1) Michael P. Manley; (2) Robert Pickell (Genesee County Sheriff) and/or assistants; (3) David S. Leyton (Genesee County Prosecutor) and/or assistants; and (4) Genesee County Jail Mental Health/Health Care Service Provider. (DE 100.)

Nonparty Michael P. Manley, Plaintiff's former attorney in his state court criminal case, filed a response to Plaintiff's request on March 14, 2019. (DE 98.) He states that he had no knowledge of the instant matter or the subpoena allegedly directed to him until he received a copy of Plaintiff's request for contempt of court. (*Id.* ¶ 4.) Manley asserts that he nevertheless "performed a diligent search of his records on March 12, 2019, and determined that he does not have the information requested by Plaintiff, Jerry Anderson" in the subpoena. (*Id.* ¶ 5.)

On March 25, 2019, Plaintiff filed a reply, contending that Manley's response "impl[ies] that the U.S. Marshals have neglected their duty to comply with this Courts [sic] 1/14/19 order" or "that 3rd party Manley is not being truthful in his response pleading."  (DE 101.)  Plaintiff asserts that Manley had a duty to preserve the documents sought in the subpoena and should be "compelled to produce the requested documents by any means necessary."  (*Id.*)

    C.    **Miscellaneous Documents (DEs 102, 103)**

On April 25, 2019, Plaintiff filed a document titled "Plaintiff's reply to defendants [sic] answer to question 3 of DE 60 and reply to defendants['] supplemental response to plaintiff[']s request to produce number 4[,]" in which he generally complains about the adequacy of Defendants' supplemental discovery responses as ordered by the Court on February 27, 2019.  (DE 102.)

On May 14, 2019, Plaintiff filed a letter with the Court requesting that the Court rule on his then-pending motions to compel.  (DE 103.)  The Court has since issued an Order addressing those, and other, motions.  (DE 105.)

**II.**    **Standard**

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas and allows a party to command a nonparty to produce documents or tangible things.  Fed. R. Civ. P. 45(a)(1).  Rule 45(g) governs contempt and provides that the court

3

"may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Whether to hold a party in contempt is within the sound discretion of the district court, but it is a power that "should not be used lightly." *Electric Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party seeking to establish contempt must produce "clear and convincing evidence" showing that the party opposing contempt violated a "'definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* (quoting *NLRB v. Cincinnati Bronze Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)).

Once the moving party establishes its *prima facie* case, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Id.* (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). When evaluating an alleged contemnor's failure to comply with a court order, the court "also consider[s] whether the [individual/entity] 'took all reasonable steps within [his or her] power to comply with the court's order.'" *Id.* (quoting *Peppers v. Barry*, 873 F.2d 967, 968-69 (6th Cir. 1989)).

**II. Analysis**

### A. Plaintiff's Request for Contempt (DE 100) is DENIED

Plaintiff's request for contempt is **DENIED**, as Plaintiff has not met his burden to show by clear and convincing evidence that the individuals/entities named in the subpoenas "fail[ed] without adequate excuse to obey the subpoena or an order related to it." *See* Fed. R. Civ. P. 45(g) (providing that the court "may hold in contempt a person who, *having been served*, fails without adequate excuse to obey the subpoena or an order related to it") (emphasis added). The basis of Plaintiff's request is that the individuals/entities should be held in contempt for failing to timely comply with his outstanding subpoenas; however, Plaintiff has not provided "clear and convincing evidence" that the individuals/entities were ever properly served with the subpoenas at issue. Although the Court directed the USMS to serve the four subpoenas on January 14, 2019, it also noted in that order that "[d]ue to the partial government shutdown … there is no guarantee that the USMS will be able to carry out this service expeditiously, and there may well be a delay or backlog." (DE 83 at 4 & n.1.) The docket sheet does not reflect a return of service regarding these subpoenas indicating that the subpoenas have been successfully served on the proper individual/entities. In fact, nonparty Manley affirmatively stated that he had "no knowledge of the instant case or the Subpoena" until he received Plaintiff's request for contempt. (DE 98 ¶ 4.) Thus, Plaintiff has failed to produce "clear and convincing evidence" showing that the nonparties

named in the subpoenas were served with the subpoenas and that they thus violated a "'definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 378.

In addition, upon receipt of the instant request for contempt, with the accompanying subpoena attached as exhibit, nonparty Manley states that he promptly "performed a diligent search of his records … and determined that he did not have the information requested by Plaintiff[.]" (*Id.* ¶ 5.) Accordingly, Manley has demonstrated that, once he had notice of the subpoena, he "'took all reasonable steps within [his or her] power to comply with the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 378, and Plaintiff has failed to demonstrate that Manley "fail[ed] without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Accordingly, Plaintiff's request for contempt (DE 100) is **DENIED.**

### B. Plaintiff's Miscellaneous Documents (DEs 102, 103) are STRICKEN as Unauthorized and Improperly Filed

With respect to two documents recently filed by Plaintiff (DEs 102, 103), he is advised that this Court grants relief to litigants through properly filed motions that: (i) must "be in writing unless made during a hearing or at trial;" (ii) "state with particularity the grounds for seeking the order;" and (iii) "state the relief sought." *See* Fed. R. Civ. P. 7(b)(1). Furthermore, all motions

filed in this Court must be accompanied by a supporting brief, which must "contain a concise statement of the issues presented and, on the following page, the controlling or most appropriate authority for the relief sought." E.D. Mich. LR 7.1(d)(2). In addition, as explained in my online practice guidelines for *pro se* prisoner and habeas corpus cases:

> Pro se litigants are expected to adhere to the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Michigan and Judge Patti's Practice Guidelines. The Court does not give legal advice to either side and *expects that pleadings and motions will be in appropriate form. Letters to the Court are neither pleadings nor motions and will be stricken. Definitions of and requirements for pleadings and motions are provided in Federal Rules of Civil Procedure 7 through 11, with additional local requirements set forth at Local Rules 7.1 through 11.2.* Additional requirements may apply to particular types of motions, and the Rules of Civil Procedure, corresponding Local Rules and Judge Patti's other practice guidelines should be consulted and followed accordingly, for example: Rule 15 for motions to amend or supplement pleadings, Rule 37 for motions to compel discovery, Rule 56 for summary judgment motions, etc. All parties are expected to adhere to these rules and guidelines, all of which can be accessed on the Court's website under the "Judges" or "Attorneys" tabs.

http://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51

(emphasis added).

Although *pro se* litigant pleadings are held to a more forgiving standard than those of an attorney, a *pro se* litigant is still required to follow the rules of civil procedure and easily-understood court deadlines. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). And

these are not pleadings. "[F]ederal courts 'have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Branham v. Micro Computer Analysts*, 350 F, App'x 35, 38 (6th Cir. 2009) (citing *McNeil v. United States*, 508 U.S. 106 (1993)); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (finding no cause for extension of liberal pleading rules applicable to *pro se* litigants "to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"). The Court therefore **STRIKES** the documents docketed as DEs 102 and 103. *See Williams Huron Gardens 397 Trust v. Waterford Twp.*, No. 18-12319, 2019 WL 659009, at *1 (E.D. Mich. Jan. 26, 2019) ("While a *pro se* litigant's filings are to be liberally construed, filings which do not conform to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan are subject to striking by the Court.") (internal citations omitted). Plaintiff shall not file any additional letters. Memoranda of law shall be filed only in support of a motion that complies with the applicable Federal and Local Rules of Civil Procedure, or in opposition to a motion filed by another party.

## IV. Conclusion

For these reasons, Plaintiff's request for contempt of court (DE 100) is **DENIED** and Plaintiff's miscellaneous documents (DEs 102, 103) are **STRICKEN** as unauthorized and improperly filed.

**IT IS SO ORDERED**.

Dated: May 31, 2019

s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on May 31, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti