UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON,

        Plaintiff,                               Case No. 2:17-cv-12676
                                                      District Judge Victoria A. Roberts
v.                                                         Magistrate Judge Anthony P. Patti

COLTER FURST, MICHAEL THOMAS,
and NATHAN ELLIS,

        Defendants.
_____/

**<u>SUPPLEMENTAL ORDER DENYING PLAINTIFF'S REQUEST THAT THE COURT HOLD THE U.S. MARSHALS SERVICE IN CONTEMPT (ECF 114), REQUIRING ROBERT PICKELL AND DAVID S. LEYTON TO SHOW CAUSE AS TO WHY THEY SHOULD NOT BE HELD IN CONTEMPT AS PLAINTIFF REQUESTS (ECF 117) AND DIRECTING THE U.S. MARSHALS SERVICE TO SERVE COPIES OF THIS ORDER ON PICKELL AND LEYTON FORTHWITH BY REGULAR MAIL AND BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>**

## I.    Procedural Background

Plaintiff Jerry Anderson, a state prisoner proceeding *in forma pauperis*, brings this prisoner civil rights lawsuit against Defendants Colter Furst, Michael Thomas and Nathan Ellis, all Michigan State Police Troopers. (ECF 1.) Plaintiff alleges that Defendants violated his Fourth Amendment rights by using excessive force during his September 4, 2015 arrest, and seeks injunctive and declaratory relief, in addition to compensatory and punitive damages. (*Id.*)

On January 14, 2019, the Court entered an order granting Plaintiff's January 7, 2019 motion to expedite service of subpoenas, and directing the United States Marshal Service ("USMS") to serve subpoenas on four non-parties to the case: Robert Pickell – the Genesee County Sheriff, Michael P. Manley, the Genesee County Jail mental health/healthcare service provider, and David S. Leyton – Genesee County Prosecutor. (ECF 83; *see also* ECF 80.) On March 14, 2019, Plaintiff filed his first request that the Court hold the above non-parties in contempt for failure to comply with the subject subpoenas (ECF 100), which this Court denied on May 31, 2019, for Plaintiff's failure to present clear and convincing evidence that the non-parties had actually been served with the subpoenas (ECF 106). However, on June 10, 2019, the Court entered an order again directing USMS to serve the subject subpoenas by certified mail, return receipt requested. (ECF 107.) Finally, in response to Plaintiff's July 22, 2019 motion to extend the dispositive motions deadline, in which Plaintiff asserted that he had not yet received any of the documentation requested in the subject subpoenas (ECF 111), this Court, for the third time, directed the USMS to serve the subpoenas by certified mail, return receipt requested on July 31, 2019 (ECF 113).

That same day, Plaintiff filed a request for contempt, asserting that as of July 16, 2019, the USMS had filed no proof that it served the subpoenas, and requesting that the Court hold the USMS in contempt pursuant to 18 U.S.C. § 401(3) and 28

2

U.S.C. §1915(d). (ECF 114.) Additionally, on September 23, 2019, Plaintiff filed a request that the Court hold non-parties Pickell and Leyton in contempt, pursuant to 18 U.S.C. § 401(3) and Fed. R. Civ. P. 45(g), for failure to comply with the subpoenas. (ECF 117 at 1.)[1] In so doing, he states that as of August 26, 2019, the Court Clerk had not docketed return receipts for the subject subpoenas, but that because he has received responses from Manley and Pickell, "it is clear that the subpoenas have been served and that David Leyton is disobeying the courts order and command to comply with the subpoena" by failing to respond at all. (*Id*. at 2.) With regard to Pickell, Plaintiff contends that although Pickell sent some documentation in response to the subpoena, relevant information is "blacked out," and that Pickell failed to send additional documentation requested in the subpoena. (*Id*. at 2-3.)

**II.    Standard**

---

[1] Plaintiff's request for contempt makes no mention of the subpoena directed to the Genesee County Jail mental health/healthcare service provider, and with regard to non-party Manley, states, "[D]ue to the fact that 3rd party Michael Manley attempted to comply with the subpoenas command on 8-27-19 […] a contempt order is not being requested at this moment because correspondence is being had in an attempt to avoid having to resort to such extreme measures." (*Id*. at 1.) Indeed, on August 28, 2019, Manley filed with the Court an affidavit and certificate of service stating that he forwarded to Plaintiff the only dash came video discs provided to him as well as copies of handwritten notes related to the videos. (ECFs 115, 116.) The subpoena served on Manley requests a "full unedited copy, with both audio/video of the dash cam footage from MSP vehicles #3553 and #3598 Incident NO 035-0010408-15 (51)[.]" (ECF 80.)

3

Under 18 U.S.C. § 401(3), a district court has the power to punish by contempt "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." *Clapper v. Clark Dev., Inc.*, 747 F. App'x. 317, 321-22 (6th Cir. 2018). Rule 45 of the Federal Rules of Civil Procedure governs subpoenas specifically and allows courts to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Whether to hold a party in contempt is within the sound discretion of the district court, but it is a power that "should not be used lightly." *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party seeking to establish contempt must produce "clear and convincing evidence" showing that the party opposing contempt violated a "'definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* at 379 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)).

Once the moving party establishes its *prima facie* case, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Id.* (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). When evaluating an alleged contemnor's

4

failure to comply with a court order, the court "also consider[s] whether the [individual/entity] 'took all reasonable steps within [his or her] power to comply with the court's order.'" *Id.* (quoting *Peppers v. Berry*, 873 F.2d 967, 969 (6th Cir. 1989)).

**III. Order**

The Court has in its possession receipts from the USMS showing that each subject subpoena has been served.[2] Accordingly, Plaintiff's request that the Court hold the USMS in contempt for failure to serve the subpoenas (ECF 114) is **DENIED**. However, upon consideration, non-parties Pickell and Leyton are ordered to show cause, in writing, as to why they should not be held in contempt as Plaintiff requests (ECF 117) for failure to comply with the requests made in their respective subpoenas within 14 days of being served with a copy of this order. The **USMS is HEREBY ORDERED FORTHWITH TO SERVE PICKELL AND LEYTON WITH COPIES OF THIS ORDER AT THE SAME ADDRESSES AS PREVIOUSLY USED FOR SERVICE OF THE SUBPOENAS BY REGULAR MAIL AND BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED.**

---

[2] The subpoena for Pickell was served on: Lisa Clagg, Pickell's secretary; the subpoena for Leyton was served on John Potburry, an assistant prosecutor; the subpoena for Manley was served on Julie Odeoprol (sp), Manley's administrative assistant; and the subpoena for the Genesee County Jail healthcare service provider was served on Captain Gould, the Jail Administrator for the Genesee County Jail.

**IT IS SO ORDERED.**

Dated: October 9, 2019            s/*Anthony P. Patti*
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on October 9, 2019, electronically and/or by U.S. Mail.

                                  s/Michael Williams
                                  Case Manager for the
                                  Honorable Anthony P. Patti