UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON,

        Plaintiff,                 Case No. 2:17-cv-12676
                                        District Judge Victoria A. Roberts
v.                              Magistrate Judge Anthony P. Patti

COLTER FURST, *et al.*,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT (ECF No. 119) AND REQUEST FOR CONTEMPT (ECF No. 121), AND VACATING THE COURT'S OCTOBER 9, 2019 SUPPLEMENTAL ORDER TO SHOW CAUSE (ECF No. 120)

## I.    Procedural Background

Plaintiff Jerry Anderson, a state prisoner proceeding *in forma pauperis*,

brings this prisoner civil rights lawsuit against Defendants Colter Furst, Michael

Thomas and Nathan Ellis, all Michigan State Police Troopers. (ECF No. 1.)

Plaintiff alleges that Defendants violated his Fourth Amendment rights by using

excessive force during his September 4, 2015 arrest, and seeks injunctive and

declaratory relief, in addition to compensatory and punitive damages. (ECF No.

1.)

On January 14, 2019, the Court entered an order granting Plaintiff's January

7, 2019 motion to expedite service of subpoenas (ECF No. 80), and directing the

United States Marshal Service ("USMS") to serve subpoenas on four non-parties to the case: Robert Pickell – the Genesee County Sheriff, Michael P. Manley, the Genesee County Jail mental health/healthcare service provider, and David S. Leyton – Genesee County Prosecutor. (ECF No. 83.) Since the Court entered that order, Plaintiff has filed numerous motions and requests for contempt related to the subpoenas, each of which the Court has addressed. On March 14, 2019, Plaintiff filed his first request that the Court hold the above non-parties in contempt for failure to comply with the subject subpoenas (ECF No. 100), which this Court denied on May 31, 2019, for Plaintiff's failure to present clear and convincing evidence that the non-parties had actually been served with the subpoenas (ECF No. 106). However, the Court entered orders again directing the USMS to serve the subject subpoenas by certified mail, return receipt requested, on June 10, 2019 (ECF No. 107, PgID.596), and July 31, 2019 (ECF No. 113, PgID.639).[1] Most recently, the Court entered an order on October 3, 2019 (ECF No. 118), which it

---

[1] In its June 10, 2019 amended order, originally entered on January 14, 2019 (ECF No. 83), the Court extended the discovery deadline in this case to allow Defendants to take Plaintiff's deposition, but otherwise refused to extend the discovery deadline beyond December 17, 2018. (ECF No. 107, PgID.595-596.) And in its July 31, 2019 order, the Court extended the deadline for filing dispositive motions to November 1, 2019, to "allow Plaintiff sufficient time to receive and review any documents responsive to the subpoenas," but concluded that no further extensions would be granted. (ECF No. 113, PgID.639-640.) Plaintiff has now filed a motion for summary judgment, to which Defendants have responded. (ECF Nos. 122 & 126.)

supplemented on October 9, 2019 (ECF No. 120), denying Plaintiff's July 31, 2019 request to hold the USMS in contempt for failing to file proof that it had served the subpoenas (ECF No. 114), and ordering non-parties Pickell and Leyton to show cause as to why they should not be held in contempt in response to Plaintiff's September 23, 2019 request to hold each in contempt for failure to comply with the subpoenas (ECF No. 117).

## II.    Instant Motion and Request

On October 8, 2019, Plaintiff filed yet another motion for contempt against Leyton and Pickell, indicating that each had produced records in response to his subpoenas, but had not provided everything listed, and requesting that the Court hold each in contempt for noncompliance.  (ECF No. 119, PgID.669-678.) Additionally, Plaintiff filed a request on October 21, 2019, asking that the Court hold Manley in contempt for failing to fully comply with his subpoena, and give the request immediate consideration in light of the Court's dispositive motion deadline of November 1, 2019.  (ECF No. 121, PgID.700-708.)

Manley responded to Plaintiff's request on November 5, 2019, arguing that he fully complied with the subpoena served by producing and mailing to Plaintiff the video and handwritten notes requested, and that Plaintiff asked for materials in the October 21, 2019 request for contempt that were not listed in the original subpoena.  (ECF No. 123, PgID.724, 727-728.)  Further, Pickell and Leyton

responded to the Court's show cause order on November 12, 2019, also asserting that they responded, as fully and timely as possible, to the subpoenas served, and requesting that the Court deny Plaintiff's motion for contempt. (ECF No. 124, PgID.730-738.)

## III. Standard

Under 18 U.S.C. § 401(3), a district court has the power to punish by contempt "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." *Clapper v. Clark Dev., Inc.*, 747 F. App'x 317, 321-22 (6th Cir. 2018). However, "[e]xcept in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt." *United States v. Hendrickson*, No. 06-11753, 2010 WL 2318770, at *1 (E.D. Mich. Apr. 16, 2010).

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas specifically and allows courts to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The power to hold a party in contempt is discretionary. *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party seeking to establish contempt must produce "clear and convincing evidence" showing that the party opposing

4

contempt violated a "'definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* at 379 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)).

Once the moving party establishes its *prima facie* case, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Id.* (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). When evaluating an alleged contemnor's failure to comply with a court order, the court may "consider whether the [individual/entity] 'took all reasonable steps within [his or her] power to comply with the court's order.'" *Id.* (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

## IV. Order

Plaintiff admits in his motion (ECF No. 119) and request (ECF No. 121) that Manley, Pickell and Leyton have each responded to the subpoenas served. And Manley's response to Plaintiff's request for contempt (ECF No. 123), along with Pickell and Leyton's response to this Court's order to show cause (ECF No. 124), confirm that each produced the materials requested of and available to them in response to the subpoenas served. Leyton and Pickell attached the subject subpoenas to their response (ECF No. 124, PgID.742, 750), described the

responsive materials provided to Plaintiff, which correspond to the requests made, and explained that materials requested but not provided either do not exist or are not in their possession (ECF No. 124, PgID.730-738), and Manley did the same (ECF No. 123, PgID.722-729).[2]  As Plaintiff has supplied the Court with no basis for determining otherwise, under the circumstances, he has not produced "clear and convincing evidence" showing that the parties opposing contempt violated a "'definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Elec. Workers Pension Trust Fund,* 340 F.3d at 379 (quoting *Cincinnati Bronze, Inc.*, 829 F.2d at 591).  Accordingly, the Court **DENIES** Plaintiff's motion for contempt against Pickell and Leyton (ECF No. 119) and request for contempt against Manley (ECF No. 121), and **VACATES** the October 9, 2019 show cause order.[3]

---

[2] Plaintiff did not attach the subpoenas to his motion for contempt.  Neither Plaintiff nor Manley attached the subject subpoena to their briefs, but Manley quoted the language of the subpoena request.  (ECF No. 123, PgID.726.)

[3] A motion to compel discovery would have been a more appropriate way for Plaintiff to seek the relief requested in his motion and request for contempt.  The Court cannot consider Plaintiff's motion for contempt and request for contempt to be motions to compel, as he did not comply with E.D. Mich LR 37.2, which requires that "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion."  Further, the discovery deadline of December 17, 2018

**IT IS SO ORDERED.**

Dated: December 2, 2019          s/*Anthony P. Patti*
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

<u>**Certificate of Service**</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on December 2, 2019, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti

---

(ECF No. 107, PgID.596) in this case has long passed. *See* the Undersigned's Practice Guidelines ("Motions related to discovery, if any, shall be filed within the discovery period unless it is impossible or impracticable to do so.")