UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON,

        Plaintiff,

v.

        Case No. 17-12676
        District Judge Victoria A. Roberts
        Magistrate Judge Anthony P. Patti

COLTER FURST, Michigan State
Trooper, MICHAEL THOMAS,
Michigan State Trooper, and
NATHAN ELLIS, Michigan
State Trooper,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR APPOINTMENT OF COUNSEL AND EXPERTS [ECF No. 138]

### I.    Introduction

This matter is before the Court on *pro-se* Plaintiff Jerry Anderson's "Motion to Recruit Counsel and Experts." Anderson, an inmate at the Chippewa Correctional Facility, brings this action under 42 U.S.C. § 1983, claiming violations of his rights under the United States Constitution. Anderson alleges that Defendants used excessive force while effectuating an arrest following a high-speed car chase.

### II.    Motion to Recruit Counsel

1

Anderson asks the Court to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) because: (1) he is unable to afford retained counsel; (2) his case involves complex facts and legal issues; (3) he has limited knowledge of the law; and (4) he cannot investigate his case.

The Court may, but is not obligated to, appoint counsel for indigent inmates in civil actions. *See* 28 U.S.C. § 1915(e)(1) ("[t]he court may request an attorney to represent any person unable to afford counsel") (emphasis added); *see also Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) ("The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court[.]").

In regards to prisoner civil rights cases, the Sixth Circuit held "there is no right to counsel....The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 Fed.Appx. 633, 635 (6th Cir. 2004); *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (internal citation omitted).

Whether Anderson's case is "exceptional" depends on the type of case and his ability to represent himself based on the complexity of the factual and legal issues involved. *Keohane*, 992 F.2d at 606 (citations omitted). The Court finds Anderson's claims are factually and legally complex and that he

cannot effectively represent himself. This case survived dispositive motions and is ready for trial. Consequently, there is a basis for an appointment of counsel. The Court, Defendants, and Anderson will benefit if Anderson has counsel.

The appointment of counsel in a civil case is not a constitutional right. While the Court will attempt to recruit counsel, the case will move forward to trial – with Anderson proceeding *pro se* – if the Court is unable to recruit counsel.

### III.   Motion to Recruit Experts

The use of court-appointed experts is "an extraordinary activity that is appropriate only in rare instances." *Tangwall v. Robb*, 2003 WL 23142190 (E.D.Mich. 2003), quoting, Joe S. Cecil & Thomas E. Willging, *Court–Appointed Experts: Defining the Role of Experts Appointed Under Federal Rule of Evidence 706,* 4–5 (Fed. Jud. Center 1993).  The Court will appoint an expert only in the most "compelling" of circumstances. *Id.,* citing, *Applegate v. Dobrovir, Oakes & Gephardt*, 628 F.Supp. 378, 383 (D.D.C. 1985). Based on the Court's review of Anderson's motion and the issues presented in this case, no such extraordinary or compelling circumstances are presented here.

## IV.   Conclusion

Anderson's application for appointment of counsel is **GRANTED**.

Anderson's application for appointment of experts is **DENIED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 22, 2020