UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON,

    Plaintiff,
v.                                                                              Case No. 17-12676
                                                               Honorable Victoria A. Roberts

COLTER FURST, ET AL.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S
MOTION IN LIMINE TO BE FREE OF SHACKLES OR OTHER VISIBLE
RESTRAINTS IN FRONT OF THE JURY DURING TRIAL [ECF No. 153]**

I.    **INTRODUCTION AND BACKGROUND**

On August 17, 2021, the Court held a pretrial conference regarding the parties' proposed Joint Final Pretrial Order and Plaintiff's Motion in Limine to: (1) exclude evidence of his criminal conviction; 2) permit him to wear civilian attire at trial; and (3) be free from shackles or other visible restraints in the presence of the jury.  [ECF No. 153, PageID.988].

On August 18, 2021, the Court issued its order on Anderson's Motion in Limine.  [ECF No. 156].  The Court granted Anderson's request to preclude detail of his criminal conviction.  The Court also granted Anderson's request to wear civilian attire at trial.  But the Court held in

1

abeyance his request not to be shackled in Court, pending supplemental briefing from Defendants addressing Anderson's dangerousness.

On August 30, 2021, Defendants filed their supplemental brief. [ECF No. 157]. The supplemental brief states that Anderson's Michigan Department of Correction (MDOC) security classification changed from Level II to V on September 14, 2020, when he was transferred from the Chippewa Correctional Facility (URF) to Marquette Branch Prison (MBP). [ECF No. 157, PageID.1090]. MDOC transferred Anderson because of a "pending investigation into inmate unrest" at URF. [ECF No. 157, PageID.1090]. This investigation revealed that Anderson was not involved in any misconduct. [ECF No. 157, PageID.1090]. As of October 6, 2021, Anderson's security classification has been reduced from Level V to Level II, and he is currently incarcerated at Kinross Correctional Facility (KCF).

For the reasons below, the Court **GRANTS** the remaining portion of Anderson's Motion in Limine.

## II.   ANALYSIS

The Supreme Court held that the "Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." *Deck v. Missouri* 544 U.S. 622,

622 (2005). State interest may include "physical security, escape prevention, or courtroom decorum." *Id.* at 628.

The Sixth Circuit addressed the constitutionality of a criminal defendant wearing shackles during a jury trial in *Davenport v. MacLaren*, 964 F.3d 448, 459 (6th Cir. 2020). "'Where a court, without adequate justification, orders the defendant to wear shackles that will be seen by the jury,' the defendant's due process rights are violated." *Id*. (quoting *Deck*, 544 U.S. 622, at *635). In *Davenport*, the State of Michigan conceded that the defendant's shackling during his trial was unconstitutional. *Davenport*, 964 F.3d 448, at *451. Although *Davenport* will be argued before the Supreme Court to assess whether this constitutional violation was harmful error – necessitating a new trial – it is universally agreed that visible shackling of a criminal defendant is unconstitutional. Here, Anderson is Plaintiff in a civil trial, but there is great potential for similar prejudice in a civil jury trial.

Anderson's MDOC security classification was increased for an investigation that revealed he was not involved in any misconduct. [ECF No. 157, PageID.1090]. As of October 6, 2021, Anderson's security classification decreased from Level V to Level II.

In light of this security classification reduction, Defendants' failure to show other security reasons for shackles, and potential due process violations, the Court finds that the need for him to wear shackles visible to the jury is outweighed by its prejudicial effect. However, Defendants argue that Anderson should be restrained in a way that is not visible to the jury because he was arrested for a violent crime – homicide in the second degree – and he attempted to flee police custody during the arrest in question.

The Court understands the importance of judicial safety and believes there is a way to mitigate security concerns while avoiding prejudice to Anderson.

During a status conference on October 6, 2021 – attended by Anderson's counsel, Brian Farrar, and Defendants' counsel, Elizabeth Watza – the parties agreed that Anderson could wear ankle shackles during the trial as long as they are not visible to the jury. This arrangement will give Anderson the ability to take notes during trial, freely communicate with his attorney, and avoid being seen in shackles by the jury – all concerns raised by Anderson's counsel.

The Court orders the Bureau of Prisons (BOP) and/or MDOC to use ankle shackles that do not make noise (*e.g.*, rubber coated shackles), so

4

the jury cannot hear them in the courtroom. The Court's layout will conceal the ankle shackles from the jury; Anderson will sit at a table where his feet and ankles will not be visible to the jury.

### III. CONCLUSION

The Court **GRANTS** Anderson's Motion in Limine to be free of shackles or other visible restraints in front of the jury.

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 13, 2021